# SUPREME COURT.

## Jacob Blodget agt. John S. Blodget.

Where the facts disclosed, authorized the court to assume that the defendant was dead when the plaintiff commenced his action against him, and consequently that the judgment obtained in the action was *void*, yet it is an *apparent lien or cloud* on the real estate of the defendant, which may be set aside on motion, by an heir-at-law of the defendant, having an interest in such real estate.

This court has control of its own judgments, and has not unfrequently vacated them on motion of parties having an interest in a property on which they were a *cloud*.

*Special Term, Utica, Sept.,* 1871.
*Present.—Hon.* C. H. Doolittle, *J.*

This was a motion to set aside a judgment in favor of the plaintiff of $1,834 06 docketed May 20, 1869, in Onondaga county clerk's office, on the ground that it is void. The facts are these :

The defendant left home June 28th, 1868, since which time he has not been heard from. He owned at the time about 150 acres of land, besides personal property. Search was made for him, but it was fruitless.

The plaintiff, a son of the defendant, died since the entry of the judgment, leaving a will, of which his brother Charles H. Blodget, his wife Mary E. Blodget, were executor and executrix.

Not hearing from the defendant, his heirs made application on their joint petition for letters of administration on his estate, which were granted on such petition to one Henderson Stevenson in June, 1871.

The judgment was a lien upon the land. The action was commenced by substituted service, nearly a year after the defendant departed.

The motion was made at the instance of Mary Jane Howe, one of the heirs of the defendant.

T. K. FULLER, *for the motion.*

*Cited.* 5 *Robt.*, 643 ; 13 *How.*, 43, 145 ; 15 *How.*, 228 ; 18 *How.*, 23 ; 9 *Abb.*, 380 ; 12 *N. Y.*, 215 ; 12 *Abb.*, 403 ; 30 *Barb.*, 117 ; 1 *Bosw.*, 659.

W. J. WALLACE *opposing.*

*Cited Authorities.*

DOOLITTLE, *J.*—I must assume the defendant in this action was dead when it was commenced.

The judgment, therefore, is void; but it is an apparent lien or cloud on the real estate situate in the county of Onondaga, left by him.

The defendant died intestate, and his real estate descended to his children among whom is this Mary J. Howe, on whose behalf the motion is made.

She moves the judgment be declared void, and be set aside, in order to release her real estate from the apparent incumbrance.

The notice of motion was served on the plaintiff's executors, who appear and contest the motion.

Since the judgment was entered, the plaintiff has died testate, and his executors have qualified, and administrators have been appointed of the estate of the defendant.

The executors insist that this motion is premature; that it is a proceeding in the action in which judgment was obtained, and that no such proceeding can be taken, until the executors of the plaintiff are substituted for the plaintiff. It is true such substitution is necessary before any proceeding can be taken in an action pending, where the plaintiff dies before judgment.

Blodget agt. Blodget.

After judgment the personal representatives of a deceased plaintiff may apply on motion, and obtain leave to issue an execution ( *Code*, § 283, *as amended in* 1866, *and* § 284.)

This is not an attempt to proceed in an action, but it is a motion to set aside a security which the executors of the plaintiff, as such, own and fully represent, on the ground it is void ; and in case the security is set aside, no action remains to prosecute or defend.

This court has control of its own judgments, and has not unfrequently vacated them on motion of parties having an interest in a property, on which they are a cloud.

Judgment set aside.