JACOB B. MUELLER and another *vs.* BERNHARD REIMER.

June 8, 1891.

**Judgment Void on its Face—Cloud on Property—Setting Aside on Motion of Party Interested.**—A judgment, void for want of jurisdiction appearing on its face, may be set aside on motion of one, not a party to the action, who has an interest in the property upon which the judgment is a cloud, but he is not entitled to such relief as a matter of right.

**Same—Motion Properly Denied because of Action Pending.**—It appearing in this case that the party making the motion, claiming to have succeeded to the interests of the judgment debtor in land sold under the judgment, had brought suit against the purchaser at the execution sale to determine his claim to the property, the court properly refused to vacate the judgment on motion, but left the party to try the question in his action.

In 1875, Jacob B. Mueller and John Heinrich brought suit in the district court for Hennepin county against Bernhard Reimer, (a non-resident,) to recover $100, and caused a writ of attachment to be issued and levied on real estate of Reimer in Minneapolis, and the summons to be published. Reimer did not appear, judgment was rendered and docketed against him on July 24, 1876, and on September 23, 1876, the attached real estate was sold on execution, issued on the judgment, to the judgment creditors, who, in 1884, (no redemption having been made,) conveyed to Stanford Newel. Reimer died July 9, 1888. Thereafter an action was brought in the same court, by Annie Reimer, his widow, and Wilhelmina Zieger, who had succeeded to his entire estate, to determine the adverse claim of Newel to the real estate, which was vacant and unoccupied. Pending such action the plaintiffs therein moved that the judgment of July 24, 1876, be set aside as void because of defects in the affidavit and writ of attachment and in the affidavit for publication of the summons, by reason of which, as claimed, the court never acquired jurisdiction. The motion was opposed by Newel, and was denied by *Lochren, J.,* and the moving parties appealed.

*John C. Judge, Sawyer & Sawyer,* and *Selden Bacon,* for appellants.

*Daniel Fish*, for respondent.

MITCHELL, J.   We think that a judgment absolutely void for want of jurisdiction appearing on its face, may be set aside on the motion of any person who, although not a party to the action, has an interest in the property upon which it is a cloud.   Such a motion is not, strictly speaking, a proceeding in the action, but an application to have the records purged of an unauthorized and illegal entry.   *Hervey* v. *Edmunds*, 68 N. C. 243; *Blodget* v. *Blodget*, 42 How. Pr. 19; *Mills* v. *Dickson*, 6 Rich. Law, 487; *Milnor* v. *Milnor*, 9 N. J. Law, 93; *Hunter v. Cleveland Stove Co.*, 31 Minn. 505, 511, (18 N. W. Rep. 645.)   But such a practice is liable to encourage the intermeddling of strangers, and is subject to the possible danger of affecting the rights of parties not before the court, and therefore to be indulged in very cautiously.   Moreover, one not a party to the action is not entitled as a matter of right to such relief.   The granting of it is a matter wholly within the sound discretion of the court. There is no necessity for granting such relief, for a judgment void on its face can neither affect, impair, nor create rights, and is always and everywhere open to collateral attack.   In this case the appellants, in their affidavits upon which they made their motion, allege various facts to show that they have succeeded to the interests of the deceased defendant, Reimer, in the property sold on this alleged void judgment, all of which would have to be established by evidence extrinsic to the record in the action.   It also appears that there is now pending an action commenced by them against Stanford Newel, (who has succeeded to the title of the purchaser at the execution sale,) to determine his adverse claim to this property, and which involves the very issue sought to be determined by this motion.   Under such circumstances, the court very properly refused to try these questions upon *ex parte* affidavits, and relegated the appellants to their pending action against Newel, where all these matters can be determined upon evidence regularly adduced upon issues tendered and joined in the action already begun for that very purpose.

Order affirmed.