]No. 3028. Decided November 22, 1898.]

L. H. HOLE, *Trustee, Respondent,* v. BYRON L. PAGE
et al., *Defendants,* ISAIAH H. PAGE *et al., Appellants.*

DEFAULT JUDGMENT—VACATION—AFFIDAVIT OF MERITS.

Where a judgment of default is prematurely entered before
the expiration of the time to plead, the defendants are entitled
to have it set aside as a matter of right, without furnishing an
affidavit of merits.   (DUNBAR, J., dissents.)

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Reversed.

*Allen & Allen,* for appellants:

It is true that, ordinarily, a default will not be vacated
unless a meritorious defense is shown, but the appellants
contend that this rule of law applies only where the par-
ties are really in default, and where the default is at-
tempted to be opened by showing some excusable neglect.

Where a default is entered before the expiration of the time within which the defendant has a right to plead, or where it is entered without notice to the defendant, as required by the statute, the default is irregular, improperly and prematurely entered, and will be opened without any affidavit of merits being made. *Browning v. Roane,* 50 Am. Dec. 218; *Messenger v. Marsh,* 6 Iowa, 491; *Beasley v. Cooper,* 42 Iowa, 542; 6 Enc. Pl. & Pr. 176.

*Reid & Meade,* for respondent:

The default of the defendants was regularly entered, because entered by a court that had jurisdiction, and upon written notice, personally served upon the attorneys for defendants. A court will not vacate a judgment regularly entered, without a showing of merits. *Northern Pacific, etc., R. R. Co. v. Black,* 3 Wash. 327; *Hill v. Lowman,* 15 Wash. 503; *Western Security Co. v. Lafleur,* 17 Wash. 406.

The opinion of the court was delivered by

Scott, C. J.—This is an appeal from an order of the superior court of King county, refusing to set aside a judgment of default. The appellants appeared in the action and demanded security for costs, the plaintiff being a non-resident. On January 20, 1898, the plaintiff complied with the demand. On January 22, the appellants served upon the plaintiff's attorneys, who were residents of Tacoma, by mail, a demand for copies of the instruments sued on, and it is admitted that this notice was received on the following Monday. The appellant's attorneys reside at Seattle, and on said Monday the plaintiff's attorneys caused to be served by an attorney residing at Seattle, upon the attorneys for the appellants, a motion for a default to be heard on the 27th day of January.

14—20 WASH.

Rule 8 of the superior court provides that the making of a demand for a copy of an instrument, etc., shall enlarge the time to plead by five days after response to the demand. On the 26th day of January, the plaintiff complied with the demand for the written instruments; and on the next day, the appellants not appearing, the plaintiff obtained a judgment of default against them. The motion to set aside said default was based upon affidavits showing the foregoing facts. The court refused to grant the motion, on the ground that no affidavit of merits was made by the appellants; and it is contended by the respondent that such an affidavit is necessary in all cases. But we are of the opinion that an affidavit of merits is only required where a judgment of default is regularly obtained, and it is attempted to be set aside on the ground of inadvertence, etc. In this instance the default was prematurely entered before the time to plead had expired, and the appellants were entitled to have it set aside as a matter of right, without furnishing an affidavit of merits. Nor do we think that they were called upon to appear at the time of the hearing of the motion for a default. It is contended by them, as a reason for not doing so, that they informed the attorney serving the motion of the demand for the copies, and that they supposed the motion for a default would be abandoned.

Being of the opinion that the court erred in refusing to grant the motion to vacate, the judgment is reversed and the cause remanded for further proceedings.

Gordon and Reavis, JJ., concur.

Anders, J. (concurring).—I concur in the disposition made of this case, not on the ground that the trial court did not have jurisdiction to render the judgment by default, but for the reason that, in my judgment, the showing made by appellants was sufficient to entitle them to

have the default set side,—conceding, of course, that the court was vested with a legal discretion in the matter.

DUNBAR, J. (dissenting).—I dissent. I think an affidavit of merits should have been filed. If there was a meritorious defense, it would have been easy to set it up. If, on the other hand, there was no defense to the action, it would be a useless thing to do to set aside the default, or vacate the judgment, whether the default was properly entered or not. They had notice that the default would be asked for, and, if there was any reason why it should not have been granted, they should have appeared and presented them; and, if they were legal reasons, the presumption is that the default would not have been granted, but, if it had been granted, an appeal would have been available. But in this case the defendants stayed away until the default was entered and judgment rendered and then, upon application to set it aside, cavalierly refused to even assert any defense to the action. I do not think the time of the court should be taken up in reopening judgment, unless it appears to the court that there is a defense to the action, no matter whether the default was legally or illegally entered; especially where the defendant had notice that default would be prayed for, and where the court unquestionably had jurisdiction.