GEORGE R. DAVIS, Admr., Respondent, v. CHARLES E. BLAIR, et al., Appellants.

St. Louis Court of Appeals, April 9, 1901.

Motion to Set Aside Judgment at Subsequent Term: WRIT OF ERROR CORAM NOBIS: JUDGMENT, EXTINGUISHMENT OF: STATUTORY CONSTRUCTION: RECORD: ADMISSIONS. In the case at bar, it is unnecessary to decide whether a motion filed at a subsequent term of court to set aside a judgment, is an apt and proper method for procuring the vacation and annulment of the judgment entered at a former term, under section 795, Revised Stat-

Davis v. Blair.

utes 1899, permitting motions to set aside judgment for irregular-
ities to be filed within three years, whether it is tantamount to a
bill in equity to set aside a judgment claimed to have been pro-
cured by fraud, since the record and admissions of the parties on
this appeal show the total extinguishment of the judgment sought
to be allowed, by a full and complete performance of its mandate
and directions.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,*
Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Upon a settlement of the accounts of Charles E. Blair,
a resigned administrator of the estate of William E. Wiley,
with George R. Davis administrator *de bonis non* of said es-
tate, the probate court of Clark county found a balance of
$820.52 in the hands of said C. E. Blair, together with a title
paper to a town lot in the city of Oklahoma, which belonged to
the estate of the decedent, and which the court thereupon or-
dered and adjudged should be paid over to the said Davis.
From this judgment Davis took an appeal to the circuit court,
whose record shows that all of the said parties appeared De-
cember 18, 1899, and submitted the controversy to the court
without a jury, which found that the said Charles E. Blair, as
administrator, had in his possession fifteen hundred dollars in
cash belonging to said estate, also certain certificates of stock
and other miscellaneous papers, and thereupon, ordered him
to pay over said money and deliver said papers to the said
George R. Davis. It is admitted that this judgment was fully
performed and complied with by the payment of the money and
the surrender and delivery over of the specified papers. After
the adjournment of said term of the court, to-wit, at its April

term, 1900, Charles E. Blair, filed his motion to set aside said judgment, alleging among other things as grounds therefor, that no such judgment and proceeding was had, in fact that there was no such submission of the cause to the court, nor any trial thereof, nor any evidence therein, nor any findings made by the court. And, further that said defendant, neither by himself nor attorney, had in fact appeared as recited in said judgment, and further denying the specific findings of the court contained in the judgment itself. This motion was over-ruled, from which the said Blair appealed to this court.

*J. W. Howard* for appellants.

The lower court was a court of common-law jurisdiction and has the inherent power to correct all irregularities, whether from fraud or otherwise, and may at any time expunge or purge all or any interpolations or wrongful entries made upon its records and proceedings that never actually occurred and put there without lawful authority, after the term at which such entries were made regardless of time. Black on Judgments, secs. 297 and 307. Here it is said: "The power to set aside judgments for fraud or collusion, though expressly granted by statutes in many of the States, it not dependent upon legislative recognition. It is a common-law power, inherent in all courts of record, and may be exercised after the expiration of the term at which the judgment was rendered, on the application of the injured party."

*T. L. & S. J. Montgomery* for respondents.

(1)   This is an application to the court by motion, to set aside and vacate a judgment rendered by the court, sitting as a jury, after the lapse of the term at which it was rendered, and is based upon what appellants contend is an irregularity in

Davis v. Blair.

rendering the judgment. They contend that the judgment is irregular and erroneous and should therefore be set aside and vacated. (2) The irregularity complained of does not appear upon the face of the judgment, nor does it appear by any paper filed in the cause, or by any memoranda made during its progress to judgment. The motion then is not predicated upon the statute, because if under the statute, after the expiration of the term at which it was rendered, it must be grounded alone upon the irregularities of procedure which appear on the face of the record. The proceeding then, as indicated by appellants in their brief, must be a proceeding to set said judgment aside in the nature of a writ of error *coram nobis*. Hirsh v. Weisenberger, 44 Mo. App. 506; Whittlesey's Mo. Practice, p. 470, sec. 382; Stewart v. Stringer, 41 Mo. 403; Craig v. Smith, 65 Mo. 537; Nave v. Todd, 83 Mo. 601. (3) We take the position that a writ of error *coram nobis* will not lie in this case.

BOND, J.—It is insisted by the learned counsel for appellant that the motion filed at the subsequent term of the circuit court of Clark county to set aside a final judgment as shown upon the records of that court, at a former term, is an apt and proper method for procuring the vacation and annulment of the judgment claimed in said motion to have been entered upon the record of the court without its authority and without any appearance of the parties.

In the view we take of the case, it is unnecessary to decide whether the motion in question is available as one in the nature of a writ of error *coram nobis* (63 Mo. App. loc. cit. 5), as proper under section 795, Revised Statutes 1899, permitting motions to set aside judgments for irregularities to be filed within three years, or as tantamount to a bill in equity to set aside a judgment claimed to have been procured by fraud, since

the record and admissions of the parties on this appeal show the total extinguishment of the judgment sought to be attacked, by a full and complete performance of its mandate and directions. Noah v. Ins. Co. 78 Mo. App. 370.

In view of this fact, it is wholly irrelevant whether the judgment was concocted by fraud or was validly entered upon the consent and appearance of the parties thereto.   It is now *functus officio,* wherefore the question of the legality or illegality of its obtension is a mere abstraction with which it is no part of the business of appellate courts to deal.   Our conclusion is, that the learned circuit judge did not err in overruling the motion in question.

The judgment is, therefore, affirmed.   All concur.

