[No. 18133. *En Banc.* March 28, 1924.]

Chester A. Batchelor, *Respondent,* v. Geo. L. Palmer et al., *Appellants.*[1]

Appeal (272)—Record—Affidavits. Proof of service of a summons and complaint by affidavit is a part of the record to be included in the transcript, and may be brought up without a statement of facts or bill of exceptions.

Time (4)—Computation—Exclusion of Sunday or Holiday—Time for Appearance—Statutes—Repeal. A default judgment is premature where the last day for answering fell on Sunday and the next day was a holiday, and the judgment was entered on the following day; in view of Rem. Comp. Stat., § 220, giving a defendant personally served twenty days in which to appear, and Id., § 411, providing for a default judgment only after the expiration of the time for answering, and Id., § 150, providing for the computation of time by excluding the first day and including the last, which is also excluded if it falls on Sunday or a holiday.

Statutes (42)—Time (4)—Computation—Construction — Implied Repeal. Rem. Comp. Stat., § 252, providing for the computation of time by excluding the last day, if it "falls on a Sunday" is not inconsistent with and does not impliedly repeal the earlier act § 150, providing that the last day shall be excluded if it falls on a "Sunday or a holiday."

Judgment (47)—Default—Vacation—Meritorious Defense. A defendant personally served, against whom a default judgment was prematurely entered, who appears within time, may move for vacation thereof without showing that he has a meritorious defense to

[1]Reported in 224 Pac. 685.

the action, in view of Rem. Comp. Stat., § 411, giving him the absolute right to appear in several ways within the twenty days allowed by Id., § 220.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 3, 1923, denying a motion to vacate a default judgment, after a hearing to the court. Reversed.

*Chas. D. Fullen* and *Geo. L. Palmer*, for appellants.

*Glenn C. Beechler* and *Arthur C. Bannon*, for respondent.

FULLERTON, J.—This is an appeal from an order denying a motion to vacate a judgment entered as a judgment upon default.

The summons and complaint in the action were personally served upon the defendants, appellants here, on August 11, 1919. On September 2, 1919, an order of default for want of appearance was entered against them, and, following that, a judgment according to the prayer of the complaint. On the same day, but subsequent to the entry of the judgment, the appellants appeared in the action by serving upon the attorneys for the plaintiff a motion to make the complaint more definite and certain and filing the motion with the clerk of the court. They did not, however, file with the motion the proofs showing its service.

On September 23, 1919, the appellants filed and served a motion to vacate and set aside the order of default and the judgment entered thereon on the ground of premature entry. At the same time they filed proofs of the service of their original motion, but made no showing, by affidavit or otherwise, that they had a meritorious defense to the action. The trial court, on the hearing of the motion, refused to vacate the order and judgment and entered an order to that effect. This appeal is from the order so entered.

It is the appellants' contention that the order of default and the judgment were entered before the time had expired in which they had the right to appear in the action; that the entries were thus premature; and that, since they appeared within the time, they had the right to have the entries vacated on motion, without the necessity of showing a meritorious defense to the action. The respondent takes issue upon these propositions and makes certain contentions on his own behalf. These will be noticed in their order.

The case is before us on a transcript of the record; no statement of facts or bill of exceptions having been settled or allowed by the trial judge. The respondent insists that the affidavit filed to show service of the original motion is not a part of the transcript and cannot be brought to this court other than by a statement of facts or bill of exceptions, and in consequence there is no sufficient showing of an appearance by the appellants in the action on September 2, 1919. But the code permits the service of a summons or other notice by a private person, and permits proofs thereof to be made by an affidavit. Such an affidavit is, therefore, in the nature of an officer's return of service, and is as much a part of the record in the court below as is the paper served. It is thus sufficiently shown by a transcript of the record. The cases cited by the respondent as maintaining his contention are not applicable. They relate to causes where the default judgment was taken after the time for answer had expired and the defendant sought relief therefrom on some one or more of the grounds provided for in the practice act; such, for example, as a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. When such an application is made, based upon affidavits, the affidavits are in the nature of evidence which must be brought to this court by a

statement of facts or bill of exceptions. The cited cases do no more than to so hold—they do not hold that a return of service, even if in the form of an affidavit, must be brought to this court otherwise than in the transcript of the clerk.

By the provisions of the code (Rem. Comp. Stat., § 220 *et seq.*) [P. C. § 8432 *et seq.*], a defendant personally served with summons in an action has at the least twenty days in which to appear therein. By another section (Ib., § 411) [P. C. §.8109], it is provided that a default judgment may be taken against a defendant only after the expiration of the time for answering. Another section of the statute, relating to the computation of time (Ib., § 150) [P. C. § 7435], provides that the "time within which an act is to be done . . . shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded." By a reference to the date above given as to the time the summons was served, it will be observed that the defendants would normally have had all of the day of August 31, 1919, in which to appear. By a reference to the calendar of that year it will be seen that this day fell upon Sunday. By a reference to the code (Ib., § 62) [P. C. §2703], and the same calendar, it will be observed that the following day, Monday, September 1, 1919, was a legal holiday. It follows, therefore, that if the statute cited relating to the computation of time has application to the situation, the defendants had all of the day of September 2, 1919, in which to appear, and were thus not in default when the default judgment was taken against them.

The respondent, however, contends that this particular statute is not applicable to the situation. He points to another section of the statute (Ib., §252) [P. C. § 8461], enacted as a part of the act of 1893

relating to the commencement of actions, which is subsequent in time to the cited section, and contends that it supersedes that section and does not permit the exclusion of a legal holiday when the last day of the time in which a defendant has the right to appear falls upon such a day. This section is similar to the one first cited except as to its concluding sentence. This sentence reads: ''If the last day falls on a Sunday it shall be excluded.'' But, notwithstanding the plausibility of the argument, we are not persuaded that it is tenable. There was no direct repeal of the earlier act by the later one. It is true the later act concluded with the sentence, ''All acts and parts of acts inconsistent with this act are hereby repealed,'' but this is not a direct repeal. It is but declaratory of what would be the legal effect of the act without the provision. As is said in *Hess v. Reynolds,* 113 U. S. 73: ''The usual formula of a repealing clause intended to be universal is, that all acts on this subject, or all acts coming within its purview, are repealed, or the acts intended to be repealed are named or specifically referred to.'' And further, in the same case, that language such as is here used ''implies very strongly that there may be acts on the same subject which are not thereby repealed.'' Comparing the sections of the statutes, the one with the other, it is at once apparent that there is no necessary conflict between them. While the first is somewhat broader in its terms than the other, they are couched in similar language, and the language in each is general in its terms. Both can stand and be given effect in all instances to which they are generally applicable. Repeals by implication, and indirect repeals, are not favored in law, and it seems to us that it would be an unnecessary refinement, and a refinement that would tend to confusion, to say, as the respondent asks us to say, that the last of the sections

must be construed as the controlling section with reference to the commencement of actions, and the first to all other situations.

The precise question now before us seems not to have been heretofore a subject of consideration by this court. It was, however, before the United States district court for the western district of Washington, southern division, in the case of *Hidden v. Washington-Oregon Corporation,* 217 Fed. 303. The suit in that instance was brought in the state court, was removed to the district court, and a motion made therein to remand. The statute required the petition for removal to be filed in the state court at or before the time when, by the state law, the defendant is required to plead or answer to the complaint in the state court. The summons in the case was served on August 17, 1914. The petition for removal was filed on September 8th following. September 6, 1914 (the twentieth day), was Sunday. September 7th was Labor Day, a legal holiday under the statute. The plaintiff, moving to remand, contended, as the respondent contends here, that the statute only extends the time when the last day for an appearance falls upon Sunday, as no mention is made of a legal holiday in § 252, *supra,* of the state statute, which was contended to be the governing section. The court, however, ruled that § 150, *supra,* of the state statute was applicable to the condition presented, and as the section extended the time for answering when the last day fell upon a legal holiday as well as when it fell upon Sunday, the petition was filed in time.

The remaining question is whether the appellants were entitled to a vacation of the order and judgment without the showing of a meritorious defense to the action. Reasoning from the provisions of the practice act, it would seem that the question would hardly admit

of any other than an affirmative answer. By the terms of the act, a defendant in an action has a full twenty days after the service of summons upon him in which to appear therein before it can be legally claimed that he is in default. (See Rem. Comp. Stat., § 220 et seq.) [P. C. 8432 et seq.]; also, (Ib., § 411) [P. C. § 8109]. He may appear in any one of several ways; that is to say, he may answer, demur, make an application for an order therein, or give the plaintiff written notice, after which time he is entitled to notice of all subsequent proceedings. (Ib., § 241) [P. C. § 8451]. This being his absolute right, it would seem to follow that he can do so without let or hindrance. Neither the plaintiff nor the court are granted power to annex conditions thereto, and any action on the part of either which has the effect of so doing must necessarily be a deprivation of the right, and hence erroneous. When, therefore, the plaintiff takes a judgment against a defendant before the time has expired in which the defendant has the right to appear, whether by intent or by inadvertence, it is a wrong against the defendant. It is also the wrong of the plaintiff, and it is a maxim of the law, as old as the law itself, that no one may reap an advantage by his own wrong, and to permit a plaintiff to deprive a defendant of his right freely to appear by a premature entry of a judgment, would be to permit him to reap an advantage by his own wrong.

Again, to say that the premature entry of a judgment deprives the defendant of his right to appear without the permission of the trial court, is to say that he may be deprived of others of the rights granted him by the statute. Whether the trial court will vacate a judgment when regularly entered is largely a matter within its discretion. It is within its powers to fix the terms upon which such a judgment will be vacated. If, therefore, a premature judgment is to be put in the

class of regularly entered judgments, it is plain that the defendant may be deprived of his right to test the legal sufficiency of the complaint, the right to have the complaint made more definite and certain, to have a bill of particulars, or to submit interrogatories to the plaintiff on matters material to his defense—all of which are his absolute rights, regardless of the will of the court, when he appears within the statutory time.

The case of *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123, is direct authority for the rule which we here announce. In that case a judgment had been entered against the defendant before his time for pleading to the complaint had expired under a rule of the court. The defendant moved to vacate the judgment. The trial court denied the motion because the defendant made no showing of a meritorious defense. On appeal this court reversed the judgment, using this language:

"The court refused to grant the motion, on the ground that no affidavit of merits was made by the appellants; and it is contended by the respondent that such an affidavit is necessary in all cases. But we are of the opinion that an affidavit of merits is only required where a judgment of default is regularly obtained, and it is attempted to be set aside on the ground of inadvertence, etc. In this instance the default was prematurely entered before the time to plead had expired, and the appellants were entitled to have it set aside as a matter of right, without furnishing an affidavit of merits."

But it is argued that this case is inconsistent with, and is in effect overruled by, our subsequent cases holding that a judgment prematurely entered was not void but only voidable. We cannot, however, accept the argument as well founded. The cited cases are either cases in which the defendant did not appear within the time he was required so to appear, or cases

in which he defaulted after his appearance, and was thus himself in the wrong. To hold in such instances that he must, in order to vacate the judgment, show a meritorious defense is not inconsistent with or contradictory of a holding that he need not make such a showing, where he has at all times acted within his statutory rights and the judgment sought to be vacated is the result of the wrong of the other party. There has always been, and must ever be, a distinction between the rights of a party in instances where he seeks relief from a judgment entered against him because of his own fault and in instances where the judgment is entered without his fault. In the one his right to relief is a matter of grace, in the other it is a right the law itself accords him.

A case more difficult to satisfactorily distinguish is *Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 Pac. 1158. The case was a suit in equity to set aside a judgment, and it is not here questioned that it was rightly decided. But the facts of the case did not present the question determined in *Hole v. Page, supra..* The case is in line with the cases above referred to where the party seeking relief from the judgment was himself in fault. There was, however, a criticism of the case of *Hole v. Page, supra,* which, if just, would destroy it as authority for the question it actually determines. But we are now of the opinion that in the criticism offered we did not sufficiently notice the distinction between that case and the case then before us.

Our conclusion, therefore, is that a defendant in an action, although personally served with summons, who appears therein prior to the time his right to appear expires, may upon motion, without the showing of a meritorious defense, have vacated any judgment against him theretofore entered therein. The order

appealed from is therefore reversed and the cause re-
manded with instructions to grant the appellants'
motion.

MAIN, C. J., PARKER, TOLMAN, MACKINTOSH, BRIDGES,
PEMBERTON, and MITCHELL, JJ., concur.