[No. 26185. Department One. December 14, 1936.]

BALLARD SAVINGS & LOAN ASSOCIATION, *Respondent*, v. CARL E. LINDEN, *Defendant*, NICK PUMNEA *et al., Appellants*.[1]

[1]Reported in 62 P. (2d) 1364.

*George E. Henry,* for appellants.

*Jennings E. Peterson, Weter, Roberts & Shefelman, Mike Copass, Bogle, Bogle & Gates,* and *Ray Dumett,* for respondent.

BLAKE, J.—This is an appeal from an order denying a motion to vacate a judgment entered in the above entitled cause on July 23, 1934. In order to understand the present controversy, it will be necessary to set out chronologically the facts leading up to it.

August 29, 1931, Carl E. Linden executed and delivered to the plaintiff, Ballard Savings & Loan Association, his promissory note for $2,750. To secure the note, he executed and delivered to plaintiff a mortgage on certain property located in King county. June 6, 1932, Linden conveyed the property, subject to the mortgage, to Nick Pumnea and Gladys Pumnea.

June 23, 1933, plaintiff instituted this action against Linden and the Pumneas to recover on the note and to foreclose the mortgage. A decree of foreclosure was entered December 4, 1933. This judgment was vacated on motion of plaintiff on May 16, 1934. Thereafter, on July 23, 1934, the judgment with which we are now concerned was entered upon publication of summons. This judgment is in form a personal judgment against Linden and the Pumneas, as well as a decree of foreclosure.

Pursuant to execution and order of sale issued the same day, the sheriff sold the property at public sale on September 1, 1934. The property was bid in by plaintiff for the full amount of the judgment. The judgment was satisfied of record, and certificate of sale issued to plaintiff. October 19, 1934, plaintiff assigned the certificate of sale to William Michael, who went into possession of the property. In the course of the

next two or three months, Michael expended $1,500 in improvements on the property.

On November 14, 1934, the Pumneas executed and delivered to Guy Warehime a quitclaim deed to the property. Again, on December 10, 1934, the Pumneas executed and delivered to Warehime a "quitclaim deed and assignment of rights."

Thereafter, on December 20, 1934, Warehime and wife, "appearing specially . . . and solely for the purpose of challenging the jurisdiction of the court," moved "for an order vacating the judgment" of July 23, 1934. On January 4, 1935, the Pumneas also made a special appearance and moved that the judgment be vacated.

The sole ground upon which these motions are predicated is that the judgment is void for want of effective summons to bring the defendants within the jurisdiction of the court. They demand, as a matter of right, the vacation of the judgment on the ground that it is void.

Assuming the judgment to be void, the primary question is: Have they such right? There is no question but that a court has inherent power to purge its records of void judgments. It may do so of its own motion. It must be conceded that a party to the record, adversely affected by a void judgment, may have the judgment vacated as a matter of right—and this without a showing of a meritorious defense. *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123; *Batchelor v. Palmer,* 129 Wash. 150, 224 Pac. 685. The parties to the record (the Pumneas) in this case, however, are not adversely affected by the judgment in question. For they have parted with their interest in the property, and the judgment has been satisfied. An order vacating the judgment would affect their rights or liabilities in no manner whatsoever. As to them it is

" . . . *functus officio,* wherefore the question of the legality or illegality of its obtension is a mere abstraction with which it is no part of the business of appellate courts to deal." *Davis v. Blair,* 88 Mo. App. 372.

■ On the other hand, a stranger to the record cannot demand the vacation of a judgment as a matter of right. *Jones v. Smith,* 120 Ga. 642, 48 S. E. 134; *Mueller v. Reimer,* 46 Minn. 314, 48 N. W. 1120. The last cited case presents a very similar situation to that of Warehime's in the case at bar. The court denied an application to vacate the judgment, saying:

"We think that a judgment absolutely void for want of jurisdiction appearing on its face, may be set aside on the motion of any person who, although not a party to the action, has an interest in the property upon which it is a cloud. Such a motion is not, strictly speaking, a proceeding in the action, but an application to have the records purged of an unauthorized and illegal entry. *Hervey v. Edmunds,* 68 N. C. 243; *Blodget v. Blodget,* 42 How. Pr. 19; *Mills v. Dickson,* 6 Rich. Law, 487; *Milnor v. Milnor,* 9 N. J. Law, 93; *Hunter v. Cleveland Stove Co.,* 31 Minn. 505, 511, (18 N. W. Rep. 645.) But such a practice is liable to encourage the intermeddling of strangers, and is subject to the possible danger of affecting the rights of parties not before the court, and therefore to be indulged in very cautiously. Moreover, one not a party to the action is not entitled as a matter of right to such relief. The granting of it is a matter wholly within the sound discretion of the court."

In the light of the rule as above stated, it is clear that Warehime could not demand vacation of the judgment as a matter of right.

■ The question remains: Did the court, in denying Warehime's motion, abuse its discretion? We think not. Under the facts shown by this record, Michael was a mortgagee in possession of the property. *Investment Securities Co. v. Adams,* 37 Wash. 211,

79 Pac. 625. And such a one is "entitled to retain possession until" fully reimbursed for the

". . . entire amount of the mortgage debt and interest, together with taxes paid, and interest upon the same, and also the value of the improvements, with interest thereon; . . ." *Sloane v. Lucas*, 37 Wash. 348, 79 Pac. 949.

Now, with these rights of Michael in mind, let us revert to Warehime's motion to vacate, and the affidavits in support of it. Nowhere is it suggested that the note and mortgage are not valid obligations, or that the indebtedness is not due and payable. No suggestion is made that, as successor in interest to the Pumneas, he has a meritorious defense. He makes no offer to do equity, yet he is appealing to the conscience of the chancellor to protect him in what he conceives to be an absolute right. Since, as a stranger to the record, his right to have the judgment vacated is not absolute, he cannot, under the conditions we have narrated, complain because the court exercised its discretion against him.

"Equity little heeds the complaint of one impeded by a judgment which is merely void but not unjust, but leaves him to struggle with his embarrassment as best he may, at law." *Purcell v. Kleaver*, 98 Wis. 102, 73 N. W. 322.

Indeed, a ruling in Warehime's favor, under the circumstances, would, in our opinion, have been a much more questionable exercise of the court's discretion. For,

"Such a practice is liable to encourage the intermeddling of strangers, and is subject to the possible danger of affecting the rights of parties not before the court." *Mueller v. Reimer, supra.*

Order affirmed.

MILLARD, C. J., MAIN, STEINERT, and GERAGHTY, JJ., concur.