[No. 36947.    Department One.    March 26, 1964.]

THE CITY OF UNION GAP, *Appellant,* v. CLARENCE E. CAREY, *Respondent.*\*

\*Reported in 390 P. (2d) 674.

G. E. *Clark*, for appellant.

*Blaine Hopp, Jr.* (*of Tonkoff, Holst & Hopp*), for respondent.

JAMES, J.†—The defendant was convicted in the police court of the City of Union Gap of the crime of driving a motor vehicle upon Main Street, a public highway in the city, while under the influence of, or affected by the use of intoxicating liquor and of the crime of failing to comply with the lawful order or direction of a police officer. His appeal to the Superior Court of Yakima County resulted in a verdict of guilty on each count. Thereafter, the superior court dismissed the case after sustaining a challenge to the validity of the ordinance under which the defendant was charged. The city appeals.

Ordinance No. 305 is "The Traffic Ordinance of the Town of Union Gap" and was adopted on May 18, 1959. Article 5, § 1 thereof defined the crime of driving while intoxicated, and Art. 2, § 3 defined the second offense charged, *i.e.*, resisting an officer.

After its adoption, the entire ordinance was submitted to the State Highway Commission for approval pursuant to RCW 47.24.020(11). On December 15, 1959, the commission approved the provisions setting a speed limit of 30 miles per hour on Main Street and those generally regulating parking without limitation to any street in the town. The commission took no action on the other sections of the ordinance.

Main Street in the City of Union Gap is a portion of Primary State Highway No. 3, having been so designated

---

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

by the State Highway Commission pursuant to RCW 47-.24.010, which provides in part:

"The state highway commission shall determine what streets . . . in any incorporated cities and towns shall form a part of the route of state highways and between the first and fifteenth days of July of any year the state highway commission shall certify to the state auditor and to the clerk of each city or town, by brief description, the streets . . . in such city or town which are designated as forming a part of the route of any state highway; and all such streets, including curbs and gutters and street intersections . . . shall thereafter be a part of the state highway system and as such shall be constructed and maintained by the state highway commission from any state funds available therefor . . ."

RCW 47.24.020 provides in part as follows:

"The jurisdiction, control and duty of the state and city or town with respect to such streets shall be as follows:
" . . .

"(11) Cities and towns shall regulate and enforce all traffic and parking restrictions on such streets, *but all regulations adopted shall be subject to the approval of the state highway commission before becoming effective.* Traffic control and parking regulations heretofore adopted by a city or town not identical with state laws shall become null and void unless approved by the state highway commission within one year after March 21, 1949;" (Italics ours.)

The trial court concluded that, except for those sections specifically approved by the State Highway Commission, ordinance No. 305 had not become effective as to the Main Street portion of Primary State Highway No. 3, on the date of the defendant's arrest, for want of approval by the commission.

The appellant city contends that so long as the sections of the ordinance in question do not conflict with state law, they need not have the approval of the State Highway Commission. In support of this position, the appellant relies upon Art. 11, § 11 of the state constitution, which provides:

"Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

and upon RCW 35.27.370(1)(14)(17), which enumerate specifically the powers of fourth-class cities to pass such ordinances not in conflict with the constitution and laws of the state and the United States ". . . as may be deemed expedient to maintain the peace, good government and welfare of the town . . ." and authorize penalties for the violation of such ordinances.

█ Both *State v. Lundquist*, 60 Wn. (2d) 397, 374 P. (2d) 246 and *Bellingham v. Schampera*, 57 Wn. (2d) 106, 356 P. (2d) 292, support appellant's assertion that the constitution and the statute do permit municipal legislation in a field also covered by state statutes. However, in both cases, this court pointed out that, in addition to the requirement that there be no conflict, it must be apparent that there was no intention on the part of the legislature to preempt the particular field of legislation.

· Appellant's argument is essentially the same as was made in *City of Airway Heights v. Schroeder*, 53 Wn. (2d) 625, 335 P. (2d) 578. There the statute relied upon by the city was RCW 46.48.040, which permits municipalities to establish local speed regulations not in conflict with state statutes, and also permits a variance from state established maximum speeds under certain specified conditions. The defendant in *City of Airway Heights, supra*, was charged with speeding on State Highway No. 2 within the limits of the town in violation of the town ordinance fixing the maximum speed thereon. As here, the ordinance had been submitted to but had not been approved by the State Highway Commission. The ordinance was held to be invalid. In reaching this conclusion, the apparent inconsistency in the statutes was resolved in the following language, p. 628:

"If RCW 46.48.040 is regarded as applicable to city streets in general, which its wording manifests that it is, and RCW (Sup. 1957) 47.24.020 is viewed as a special law applying only to city streets which are designated as state highways, the two provisions can be given effect in accord with their purpose. Under this interpretation, the apparent conflict is resolved, and the provision applying to state highways within city or town limits amounts to an exception to the general privilege given to local authorities

under RCW 46.48.040 to determine their own traffic regulations within reasonable limits prescribed by the legislature. The legitimate interests of both the local authorities and the state highway commission are served by such an interpretation, and this was undoubtedly the legislative purpose.

"This construction of the statutes is in accord with the general rule that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. *State v. Becker*, 39 Wn. (2d) 94, 234 P. (2d) 897. Also, it is in accord with the related rule that, the subsequent enactment of a statute which treats a phase of the same general subject matter in a more minute way consequently repeals *pro tanto* the provisions of the general statute with which it conflicts. 1 Sutherland, Statutory Construction (3d ed.) 488, § 2022; *In re Walder v. Belnap*, 51 Wn. (2d) 99, 316 P. (2d) 119."

■ RCW 47.24.020, considered in its entirety, evidences a clear intention on the part of the legislature to preempt the regulatory field of state highways within corporate limits.

The appellant city also urges that if RCW 47.24.020 (11) was correctly interpreted by the trial court, it is unconstitutional in that it is not only in violation of Art. 11, § 11 of the Washington State Constitution, and contrary to the general laws granting powers to cities, but it is also contrary to RCW 47.01.050, which prescribes the powers given to the State Highway Commission as follows:

"The state highway commission is hereby vested with all powers, authority, functions and duties vested in or required to be performed by the director of highways or the state department of highways as of July 1, 1951. Full and complete jurisdiction and authority over the administration of state highways and all matters connected therewith or related thereto is hereby granted the said state highway commission except only insofar as the same may have been *heretofore* or may be hereafter *specifically granted* to the director or department of licenses, the public service commission, the state commission on equipment, the Washington state patrol or its chief, the Washington toll bridge authority, *or the governing bodies of cities and towns*." (Italics ours)

Appellant argues that since the governing bodies of cities and towns already had the power to pass ordinances not in conflict with state law, the legislature did not intend to grant to the Highway Commission the power to approve the type of ordinance in question here.

■ The answer to this contention is that *heretofore* no *specific* power has been granted to *the governing bodies of cities and towns* with reference to *state highways.*

Conversely, RCW 47.01.050 is, by its terms, further evidence of the clear intention of the state to preempt the regulatory field of state highways, both within and without the boundaries of incorporated cities and towns.

■ Finally, appellant points out the incongruous result of the trial court's decision in that the driving while under the influence ordinance is identical with the state statute, and the resisting an officer ordinance, while not identical in language, in no way conflicts with the statute.

The trial court effectively answered this argument by observing:

" . . . Where the language of a statute is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning, the statute itself furnishes a rule of construction beyond which a court cannot go. See *City of Seattle v. Ross*, 54 Wn. (2d) 655. If the court were to say that subsection (11) applied only to regulations in conflict with State law, it would be rewriting the State law and putting something in the law that is not there at present. This the court cannot do, as desirable as it may seem. See also *Driscoll v. Bremerton*, 48 Wn. (2d) 95, 103, wherein our Supreme Court, in quoting from an earlier case said:

" ' "But, whether the seeming lack of logic in this situation is the product of inadvertence or intention, the fact remains that the act lacks such a provision. The court cannot read into a statute anything which it may conceive that the legislature has unintentionally left out." '

"In accord is the case of *State ex rel. Blankenship v. Gaines*, 136 Wash. 610, wherein the Court said that when the language of the act is plain, free from ambiguity, and devoid of uncertainty, there is no room for construction even though the law as expressed leads to inconvenience."

It is the exclusive prerogative of the legislature to amend its own statutes.[1]

The trial court properly held the ordinance invalid for want of the Highway Commission's approval and dismissed the charges.

The judgment is affirmed.

OTT, C. J., HILL, ROSELLINI, and HUNTER, JJ., concur.

*Reported in 390 P. (2d) 545.

[1] By chapter 150, Laws of 1963, the legislature did amend subdivision 11 of RCW 47.24.020 to limit the necessity for highway commission approval to regulations ". . . relating to speed, parking, and traffic control devices on such streets not identical to state law relating thereto . . ."