[No. 37668.   En Banc.   March 31, 1966.]

WASHINGTON STATE BOARD AGAINST DISCRIMINATION, *Appellant,* v. BOARD OF DIRECTORS, OLYMPIA SCHOOL DISTRICT No. 1, DR. ROLLAND UPTON, *as Superintendent et al., Respondents.*\*

*Reported in 412 P.2d 769.

*The Attorney General, Lloyd W. Peterson, Morton M. Tytler,* and *John R. Miller, Assistants,* for appellant.

*Harold Koch, Jerome L. Buzzard,* and *O'Leary, Meyer & O'Leary,* for respondents.

DONWORTH, J.—This is an appeal by the Washington State Board Against Discrimination (herein called the Board) from a judgment entered by the Superior Court for Thurston County overruling an order of a hearing tribunal and dismissing its complaint against the board of directors of Olympia School District No. 1 (herein called the School District).

The dispute arose under RCW chapter 49.60, which the legislature has designated as the "law against discrimination." In the amended complaint, the Board charged the School District with the commission of an unfair practice consisting of requesting applicants for employment to submit pre-employment photographs in violation of RCW 49.60.180[1] and also a regulation (WAC 162-16-010)[2] promulgated by the Board pursuant to RCW 49.60.120(3).

---

[1]"It is an unfair practice for any employer: . . .

"(4) To print, or circulate, or cause to be printed or circulated any statement, advertisement, or publication, or to use any form of application for employment, or to make any inquiry in connection with prospective employment, which expresses any limitation, specification or discrimination as to age, race, creed, color, or national origin, or any intent to make any such limitation, specification or discrimination, unless based upon a bona fide occupational qualification: . . . ."

[2]"No employer or employment agency shall suggest or require any person to submit a photograph of himself to such employer or employment agency prior to the employment or placement of such person, unless the requirement is based upon a bona fide occupational qualification."

This regulation was filed in the office of the Code Reviser pursuant to RCW 34.04.040 (the Administrative Procedure Act).

Pursuant to the provisions of RCW 49.60.250, a hearing tribunal consisting of three persons was appointed to hear the charges set forth in the complaint. Two of them were members of the Board and the third was an attorney practicing at Olympia. After hearing the evidence and arguments presented, this tribunal entered findings, conclusions, and an order dated April 23, 1963. It found that the School District had been and was continuing to request pre-employment photographs from applicants for employment as teachers, and concluded that this was an unfair practice. The tribunal ordered the School District to cease and desist such practice, and to comply with the statutory provisions and the Board's regulations quoted in footnotes 1 and 2. In a memorandum opinion, the tribunal stated:

The attaching of photographs is a graphic specification of the applicant's race or color, as much, or more, than the affixing of the words "negro" or "oriental" would be.

Thereafter, the School District petitioned the superior court to set aside the tribunal's order to cease and desist the alleged unfair practice.

The Board moved to dismiss this petition on the ground that the School District was a political or civil subdivision of the state which, under RCW 49.60.270 and 300, had no standing to have the tribunal order reviewed by the superior court.

After hearing argument on this motion the superior court denied it by written order, in which it was stated that:

the reference to RCW 49.60.270 in the Petition to Set Aside Order should be disregarded because it is surplusage and that the Petition to Set Aside Order should be considered a petition for judicial review under the Administrative Procedure Act, RCW 34.04.130.

The court subsequently, pursuant to stipulation of the parties, entered an order staying the effect of the tribunal's order to cease and desist pending the court's final disposition of the matter.

At the time set for hearing the cause, the court read and heard the evidence and the arguments of counsel and made

its findings of fact and conclusions of law. The court entered judgment overruling the order to cease and desist and dismissing the entire proceedings.

In its oral opinion, the trial court stated its reasons for holding that the Board's regulation (WAC 162-16-010) was in excess of its statutory authority and, hence, void. In substance, they were: (1) that the regulation had no reasonable relation to the evil sought to be remedied because a personal interview will disclose the applicant's race "more effectively and more certainly than any photograph," and (2) that a simple request for a photograph does not express any intent to make any discrimination in violation of RCW 49.60.180 (4).

The Board has appealed to this court from the trial court's judgment. The attorney general, in his brief filed on behalf of the Board, makes the following five assignments of error.

1. The trial court erred in denying the appellant's motion to dismiss the Olympia School Board's petition to set aside order.

2. The trial court erred in receiving new evidence over objection when conducting a review of an administrative hearing pursuant to the Administrative Procedure Act (Title 34 RCW, particularly RCW 34.04.130(5), *supra*) where there was no allegation of "irregularities in procedure before the agency, not shown in the record . . ."

3. The trial court erred in finding that the appellant's actions were in excess of its statutory authority; specifically, the court erred in its Conclusion of Law II, which is:

"The simple request for a pre-employment photograph does not express any limitation, specification or discrimination as to age, race, creed, color or national origin or any intent to make any such limitation, specification or discrimination and, therefore, the rule and regulation goes beyond the scope of the authority granted by R.C.W. 49.60.180 (4) and is void."

4. The trial court erred in finding that the appellant's actions were unreasonable; specifically in its Conclusion of Law III, which is:

"The regulation relating to photographs does not have a reasonable relationship to the evil that it seeks to

remedy as it is ineffective as long as a personal interview is allowed, as the personal interview will disclose age, race, creed, color or national origin much more certainly than any photograph. Therefore, the Court further concludes that said regulation and order are arbitrary and capricious and for said reasons the Court concludes that said regulation and order are void."

5. The trial court erred in granting judgment for the Olympia School Board and against the appellant.

We now address ourselves to appellant's first assignment of error, which is that the School District does not have a right to appeal to the superior court from the hearing tribunal's order because of RCW 49.60.300, which provides as follows:

RCW 49.60.260 to 49.60.290, inclusive, shall not be applicable to orders issued against any political or civil subdivision of the state, or any agency, office, or employee thereof.

The sections of the statute referred to in the above quotation authorize any respondent or complainant who is aggrieved by the order of the hearing tribunal to seek a review thereof in the superior court by complying with the procedure prescribed therein.

In its argument in support of its first assignment of error, the Board (before discussing these provisions of the law against discrimination) explains that the School District bases its right of appeal on certain parts of the Administrative Procedure Act (RCW 34.04). The Board states its position in its brief as follows:

The appellant believes that the Administrative Procedure Act (chapter 34.04 RCW) supersedes prior inconsistent laws and gives a uniform type of judicial review to any person aggrieved in a contested case before an administrative tribunal. This follows from RCW 34.04.130, which states:

"(1) *Any person aggrieved* by a final decision in a contested case . . . is entitled to judicial review thereof *only* under this chapter . . . ." (Emphasis supplied)

and from RCW 34.04.910:

"All acts or parts of acts which are inconsistent with the provisions of this chapter are hereby repealed, but such repeal shall not affect pending proceedings."

Elsewhere in this brief, the Administrative Procedure Act is cited as the controlling law.

However, this same argument was made in the brief of appellant in *Arnett v. Seattle General Hospital,* No. 36936, pages 5-13, and the decision of the court gave no indication that it was accepted. *Arnett v. Seattle General Hospital,* 65 Wn.2d 22, 395 P.2d 503 (1964).

However, the Board thereafter argued in support of its assignment of error No. 1. The substance of the argument by the Board is reflected later in this opinion.

The School District agrees with the Board's contention regarding the applicability and controlling effect of the Administrative Procedure Act as to the School District's right of appeal in the present case, and states position in its brief as follows:

In this connection we agree with the appellant that the Administrative Procedure Act (34.04 RCW) supersedes prior inconsistent laws and gives all persons aggrieved in a contested proceeding before an administrative tribunal the right to review or appeal from the courts (RCW 34.04.130). We agree with the appellant that the better rule would be to hold that the Administrative Procedure Act supersedes RCW 49.60.300, and that a school district has the right to appeal from the order of the hearing tribunal. This case is an excellent example as to why it is unwise to allow an administrative board such as the appellant to issue orders which directly affect the statutory duties of other agencies of the government and to provide that such orders are not reviewable by the courts.

Even though both parties are in agreement with respect to the application of the Administrative Procedure Act to the facts presented by this case, we are of the opinion that the trial court had no jurisdiction to review the final order of the hearing tribunal. Our reasons for so holding are based on our study of the legislative acts referred to by the parties.

The law against discrimination was first enacted in 1949.

See Laws of 1949, chapter 183. It was directed specifically to the elimination and prevention of discrimination in employment. In § 9(d), provision was made whereby any respondent aggrieved by the final order of a hearing tribunal might obtain a review thereof in the superior court by following the procedure prescribed therein. In § 9(h), it was provided:

This section shall not be applicable to orders issued against any political or civil subdivision of the state, or any agency, office, or employee thereof.

In 1957, the legislature broadened the scope of the 1949 act by amending many provisions thereof so that it covered not only discrimination in employment, but also in places of public resort, accommodation and amusement, and in publicly assisted housing.[3] See Laws of 1957, chapter 37.

In § 4 thereof (RCW 49.60.040), the word "person" was defined as including, *inter alia*, "any political or civil subdivisions of the state and any agency or instrumentality of the state or of any political or civil subdivision thereof." This inclusion of political and civil subdivisions of the state in the definition of the word "person" is substantially a re-enactment of a similar provision in § 9(h), Laws of 1949, chapter 183.

By § 22 of the 1957 act (RCW 49.60.270), the language of § 9(d) of the 1949 act was amended to afford the right of review in the superior court to any respondent "or complainant."

Section 25 of the 1957 act (RCW 49.60.300) is substantially a re-enactment of the above-quoted portion of § 9(h), Laws of 1949, chapter 183. It reads:

(RCW 49.60.300) RCW 49.60.260 to 49.60.290, inclusive, shall not be applicable to orders issued against any political or civil subdivision of the state, or any agency, office, or employee thereof.

---

[3]The portion relating to publicly assisted housing was held invalid in *O'Meara v. State Board Against Discrimination,* 58 Wn.2d 793, 365 P.2d 1 (1961).

The sections referred to in the above quotation relate to court enforcement of orders of the tribunal and review thereof by the superior court.

Regardless of the agreement of the parties to this case that the Administrative Procedure Act provides a uniform system of judicial review of administrative procedures and decisions, the Board has argued that the School District is a political or civil subdivision of the state, and, under RCW 49.60.300, has no right of appeal to the superior court from the order of the hearing tribunal.

■ There can be no doubt that the School District is a political or civil subdivision of the state within the meaning of RCW 49.60.300 (*State ex rel. DuPont-Fort Lewis School Dist. No. 7 v. Bruno,* 62 Wn.2d 790, 384 P.2d 608 (1963)). It seems clear to us that the legislature specifically withheld from the School District the right given under RCW 49.60.270 to "Any respondent or complainant aggrieved by a final order of a hearing tribunal" to obtain a review of such order in the superior court.

■ What the legislature's reasons were for so doing are immaterial. The power of the legislature over political or civil subdivisions of the state is plenary unless restrained by a provision of the constitution.

In Rhyne, Municipal Law (1957), this rule is stated in chapter 4, § 4-2:

> Municipal corporations are political subdivisions of the state, and in the absence of constitutional restrictions, the legislature has absolute control over the number, nature, and duration of the powers conferred, and the territory over which they shall be exercised, and may qualify, enlarge, abridge, or entirely withdraw at its pleasure the powers of a municipal corporation. (Footnotes omitted.)

This court has so held in the following cases: *Wheeler School Dist. v. Hawley,* 18 Wn.2d 37, 137 P.2d 1010 (1943); *State ex rel. Bd. of Comm'rs v. Clausen,* 95 Wash. 214, 163 Pac. 744 (1917); *Kitsap Cy. v. Bremerton,* 46 Wn.2d 362, 281 P.2d 841 (1955).

■ The attorney general calls our attention to RCW 49.60.320, which relates to cases where the Board has issued

an order against a political or civil subdivision of the state. This section provides that in such case the Board shall transmit a copy thereof to the Governor, who shall take such action as he deems proper to secure compliance therewith. Whether this section applies to an order of the hearing tribunal in this case, we need not consider. The legislature has vested in the Governor unlimited discretion to deal with the matter of compliance with a Board order by a political or civil subdivision of the state. This statutory provision is further evidence of the legislature's intention to remove such cases as the present from the jurisdiction of the superior court and place them exclusively in the control of the executive branch of the state government.[4]

The critical question which is before the court is whether the Administrative Procedure Act has repealed RCW 49-.60.300.

■ The Administrative Procedure Act (hereafter referred to as the APA) was enacted in 1959. See Laws of 1959, chapter 234 (RCW 34.04.010 et seq.). This act contains no definition of the word "person," as does the law against discrimination. It defines the word "agency" as follows:

"Agency" means any state board, commission, department, or officer, authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches.

The principal purpose of the act is to require agencies of the state to adopt rules of practice and procedure with respect to contested cases (as defined therein), and, prior to such adoption, to file notice thereof with the office of the code reviser. After such rules are adopted, the Code

---

[4]Parenthetically, it is to be noted that the law against discrimination contains a section (RCW 49.60.310), which defines as misdemeanors the doing of certain wilfull acts which interfere with the Board in the performance of its duties. Hence, such conduct may result in criminal penalties.

Whether an official of a civil or political subdivision could challenge the validity of an order of a hearing tribunal as a part of his defense to a misdemeanor charge is not before this court, and we express no opinion on that issue.

Reviser is directed to compile and index all rules in effect as to each agency.

The act provides in detail for the procedure to be followed regarding the hearing of "contested cases" by an agency and judicial review of its decision.

RCW 34.04.130 provides in detail for such review by the superior court. The first portion of that section reads as follows:

> (1) Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof only under this chapter. Where the agency's rules provide a procedure for rehearing or reconsideration, and that procedure has been invoked, the agency decision shall not be final until the agency shall have acted thereon.
>
> (2) Proceedings for review under this chapter shall be instituted by filing a petition in a superior court.

A right of appeal to this court from the judgment of the superior court is provided for in RCW 34.04.140.

The act contains a repealing clause (RCW 34.04.910), which states:

> All acts or parts of acts which are inconsistent with the provisions of this chapter are hereby repealed, but such repeal shall not affect pending proceedings.

It is to be noted that neither in this section nor in the title of Laws of 1959, chapter 234, is any reference made to the repeal or amendment of the law against discrimination.

We think that the law against discrimination is a special act relating to the subject of discrimination against any person because of his age, race, creed, color or national origin. The act was twice before the legislature (in 1949 and 1957) with the result that a comprehensive law was enacted to deal with the problem of discrimination. This problem is described by the legislature in the preamble to the act (RCW 49.60.010) in the following language:

> This chapter shall be known as the "law against discrimination." It is an exercise of the police power of the state for the protection of the public welfare, health and peace of the people of this state, and in fulfilment of the

provisions of the Constitution of this state concerning civil rights. The legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of race, creed, color, or national origin are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state. A state agency is herein created with powers with respect to elimination and prevention of discrimination in employment, in places of public resort, accommodation or amusement, and in publicly assisted housing because of race, creed, color, or national origin; and the board established hereunder is hereby given general jurisdiction and power for such purposes.

On the other hand, the APA is a general statute entitled:

An Act relating to procedure of state administrative agencies and review of their determinations.

It relates entirely to rules and procedure relating to state agencies in general and the adoption of rules for the hearing and decision of contested cases. Its repealing clause (RCW 34.04.910) cannot have the effect of repealing any part of the law against discrimination which would not be repealed by implication in its absence.

The applicable rule is stated in *State v. Becker*, 39 Wn.2d 94, 96, 234 P.2d 897 (1951), in which we said:

A statute may be either expressly or impliedly repealed. Rem. Supp. 1941, § 9998-55, provides "All acts or parts of acts in conflict herewith are hereby repealed." Such a repealing clause does not constitute a direct repeal and does not have the effect of repealing any part of the prior act which would not be repealed in its absence. *Batchelor v. Palmer*, 129 Wash. 150, 224 Pac. 685; *State v. Cross*, 22 Wn. (2d) 402, 156 P. (2d) 416; Sutherland, Statutory Construction (3d ed.) 466, § 2013. There is thus no express repeal of Rem. Rev. Stat. (Sup.), § 9998-20, contained in the 1941 act.

In determining whether there has been an implied repeal of that section, the case of *Abel v. Diking & Drainage Improvement Dist.*, 19 Wn. (2d) 356, 142 P. (2d) 1017, is pertinent. In that case, we said:

"Repeals by implication are ordinarily not favored in law, and a later act will not operate to repeal an earlier

act except in such instances where the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject, or unless the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect."

See, also, *Peterson v. King County*, 199 Wash. 106, 90 P. (2d) 729; *State v. Cross, supra; Rosenthal v. Tacoma*, 31 Wn. (2d) 32, 195 P. (2d) 102; *Lindsey v. Superior Court*, 33 Wn. (2d) 94, 204 P. (2d) 482.

The rule of *Becker* has been followed in *City of Union Gap v. Carey*, 64 Wn.2d 43, 390 P.2d 674 (1964); *State v. Davis*, 48 Wn.2d 513, 294 P.2d 934 (1956); 1 Sutherland, Statutory Construction § 2021, p. 486 (3d ed. 1943).

Accordingly, we hold that both parties are in error in their agreed contention that the APA supersedes the law against discrimination with respect to the asserted right of the School District to proceed under the APA in disregard of the provisions of RCW 49.60.300.

From what has been stated in this opinion, we hold that RCW 49.60.300 of the law against discrimination has not been in any respect repealed by the APA, that the legislature had, and exercised, the absolute power to withhold from the School District the right to have the order of the hearing tribunal reviewed in the superior court.

We, therefore, remand this cause to the superior court with directions to vacate its judgment entered March 9, 1964, and to dismiss the School District's petition for want of jurisdiction to entertain it.

The Board will recover its costs on this appeal.

FINLEY, WEAVER, OTT, HUNTER, HAMILTON, and HALE, JJ., concur.

HILL, J. (concurring specially)—The opinion correctly states the law. I concur specially because I do not believe that the legislature intended that school districts and other similarly situated "agencies" of the state should be without appeal from the rulings of the Washington State Board

Against Discrimination or any other state board. I am thoroughly in sympathy with the aims and purposes of the Board Against Discrimination, but its determinations should ultimately be subject to review by the courts. Ours is, or should be, a government of laws and not of men, even though the men, also, constitute a Board.

ROSELLINI, C. J., concurs with HILL, J.

*Reported in 412 P.2d 755.