[No. 39152.    En Banc.    February 16, 1967.]

THE STATE OF WASHINGTON, *on the Relation of Carroll Barlow et al., Petitioners,* v. GEORGE KINNEAR *et al., Respondents.**

*Reported in 423 P.2d 937.

*Robert E. Schillberg* and *Merle E. Wilcox,* for petitioners.

*The Attorney General, Timothy R. Malone, Henry W. Wager,* and *J. Richard Duggan, Assistants,* for respondents.

HUNTER, J.—This is an original proceeding in this court under Rule on Appeal 58, RCW vol. 0, wherein Snohomish County and the Snohomish County Assessor, Carroll Barlow, petitioners, are seeking a writ of prohibition to restrain permanently the Washington State Tax Commission from the enforcement of an order.

The stipulated facts show that in the year 1957 the county assessor completed a program of appraising separately each parcel of property in Snohomish County and using a ratio factor of 20 per cent of the true and fair value in determining each parcel's assessed valuation. In January, 1964, the assessor commenced a parcel by parcel inspection and revaluation of each piece of land and improvements in the Edmonds School District No. 15, a part of the county which had experienced a large population expansion. The assessor completed the revaluation using the basis of 25 per cent of the true and fair value of each parcel, and placing them on the assessment rolls at this value in May, 1966. In 1965, inspection and revaluation of each parcel of land was commenced by the assessor in Everett School District No. 2. This was completed in May of 1966, and these lands were at

that time placed upon the Snohomish County assessment rolls at a 25 per cent valuation as in the case of the lands in Edmonds School District No. 15.

The foregoing assessed value of the land and improvements in Edmonds School District No. 15 and the lands in Everett School District No. 2 constitutes approximately one-half of the county's total assessed value of real estate, exclusive of utilities. The remainder of the lands and improvements in the county remained on the assessment rolls at the last assessed value of 20 per cent of their true and fair value. By reason of this disparity in the ratio of assessed valuations in Snohomish County, the Tax Commission issued the following order which has resulted in this proceeding:

WHEREAS, it has been brought to the attention of the Washington State Tax Commission . . . that a higher assessment ratio has been established by the Snohomish County Assessor for real property situated in School District No. 15 and land situated in School District No. 2 in Snohomish County than for real property situated in the rest of the county; and

WHEREAS, such use of differing assessment ratios within the territorial limits of Snohomish County is contrary to the 14th Amendment of the Washington state constitution;

Now THEREFORE the Washington State Tax Commission orders as follows:

1. That the 1966 July session of Snohomish County Board of Equalization reconvene on September 12, 1966, and at such reconvened session cause to be reduced assessed valuations of all real property in School District No. 15 and all land in School District No. 2 by twenty per cent from present assessed valuation, and immediately thereafter adjourn.

2. This date for the reconvening of the Board is set to allow the appropriate officials of Snohomish County to present to the Tax Commission prior to such date an alternative plan, satisfactory to the Tax Commission, for achieving the maximum uniformity in the level of assessment throughout the whole of Snohomish County, in which event the directive contained in paragraph 1 of this Order will be subject to reconsideration of the Commission.

3. This Order is issued pursuant to RCW 84.08.010 and RCW 84.08.060.

DATED at Olympia, Washington, this 2nd day of September, 1966.

After the commencement of this prohibition proceeding the following order was issued, which states in part:

1. The effective date of the Order of September 2, 1966, shall be extended from September 12, 1966, to the seventh day following a final determination by the Washington State Supreme Court upholding the validity of said Order.

2. The final date for presentation of an alternative plan pursuant to paragraph 2 of said Order is hereby set as November 1, 1966.

DATED at Olympia, Washington, this 26th day of September, 1966.

During the oral argument at the time of the hearing of this case, to avoid interference with the Snohomish County budget that had been adopted for the year 1966, the Tax Commission stipulated that the order be extended to be effective commencing with the fiscal year 1967.

It is the petitioners' primary contention that the Tax Commission is without statutory power to issue assessment equalization orders. The commission contends that their authority to so act is derived from the following statutes:

The tax commission shall:

(1) Exercise general *supervision and control over the administration of the assessment and tax laws of the state, over county assessors, and county boards of equalization, and over boards of county commissioners,* county treasurers and county auditors and all other county officers, in the performance of their duties relating to taxation, and perform any act or give any order or direction to any county board of equalization or to any county assessor or to any other county officer as to the valuation of any property, or class or classes of property in any county, township, city or town, or as to any other matter relating to the administration of the assessment and taxation laws of the state, which, in the commission's judgment may seem just and necessary, *to the end that all taxable property in this state shall be listed upon the assessment rolls and valued and assessed according to the*

*provisions of law, and equalized between persons, firms, companies and corporations, and between the different counties of this state, and between the different taxing units and townships, so that equality of taxation and uniformity of administration shall be secured and all taxes shall be collected according to the provisions of law.* (Italics ours.) RCW 84.08.010.

*The tax commission shall have power to direct and to order any county board of equalization to raise or lower the valuation of any taxable property, or to add any property to the assessment list, or to perform or complete any other duty required by statute.* The tax commission may require any such board of equalization to reconvene after its adjournment for the purpose of performing any order or requirement made by the tax commission and may make such orders as it shall determine to be just and necessary. The commission may require any county board of equalization to reconvene at any time for the purpose of performing or completing any duty or taking any action it might lawfully have performed or taken at any of its previous regular July, November or April meetings. If such board of equalization shall fail or refuse forthwith to comply with any such order or requirement of the tax commission, the tax commission shall have power to take any other appropriate action, or to make such correction or change in the assessment list, and such corrections and changes shall be a part of the record of the proceedings of the said board of equalization: . . . . (Italics ours.) RCW 84.08.060.

■ These statutes are clear and express. It is the duty of the Tax Commission to supervise and control the county assessors and the boards of equalization in the administration of the tax laws to the end that equalization and uniformity is secured throughout the state. We have held many times that the power of the legislature over political or civil subdivisions of the state is plenary unless restrained by a provision of the constitution. *State Board Against Discrimination v. Board of Directors, Olympia School Dist. No. 1,* 68 Wn.2d 262, 412 P.2d 769 (1966), and cases cited therein.

■■ The petitioners contend, however, that if these statutes authorize this power, they are an unconstitutional delegation of legislative power. We disagree. The legisla-

ture may delegate these legislative controls to an administrative agency of the state; provided, in so doing, it defines what is to be done, the instrumentality which is to accomplish it, and the scope of the instrumentality's authority in so doing, by prescribing reasonable administrative standards. *Keeting v. PUD No. 1 of Clallam Cy.*, 49 Wn.2d 761, 767, 306 P.2d 762 (1957).

By RCW 84.08.010 and 84.08.060, quoted *supra*, the legislature established the State Tax Commission as its supervisory agency over property tax equalization in this state. Its authority only extends to the issuance of orders and directions to the political subdivisions of the state, the agency having no original assessment powers under these sections. *State ex rel. Tax Comm'n v. Redd*, 166 Wash. 132, 6 P.2d 619 (1932). In its rule making and adjudicatory capacity the Tax Commission is restricted to the provisions of existing law, having no power to act independent of the guidelines and standards established by our present taxing code.

The petitioners have misconstrued the meaning and effect of the agency's function under RCW 84.08.010 and 84.08.060. By prescribing the administrative standards of uniformity and equalization according to the provisions of law, the legislature properly delegated this supervisory power to the Tax Commission.

The petitioners next contend that the assessor's reassessment program is not violative of the uniformity provisions of the fourteenth amendment to the state constitution. The Tax Commission argues that the use of a ratio of 25 per cent of true and fair value assessed in school districts in one part of the county, and the ratio of 20 per cent in the remainder, is patently not a uniform tax for all like and similar classes of property in Snohomish County.

■ The fourteenth amendment to the state constitution provides in pertinent part:

All taxes shall be uniform upon the same class of property *within the territorial limits of the authority levying the tax* and shall be levied and collected for public purposes only. . . . All real estate shall constitute one class: . . . . (Italics ours.) Const. art. 7, § 1 (amendment 14).

There can be no doubt that the Tax Commission is correct in its contention that the tax ratio employed by the assessor is not uniform throughout Snohomish County; since, the county is the authority levying the tax and not the various school districts as individual taxing units. The Tax Commission properly ordered compliance with the constitutional standard required by the Fourteenth Amendment.

■ The petitioners contend that they are required by law to assess each parcel of property separately and that a change in the tax ratio can come about only as each parcel is assessed; that the effect of the order constitutes a demand to levy a blanket reassessment, contrary to RCW 84.40.030.

We do not construe the order to allow reassessment of individual parcels of property without physical inspection. The assessment procedures utilized by the county assessor to establish the true and fair value of each parcel are not subject to the order, but only the percentage of the true and fair value used in fixing the assessed value. This ratio must be uniform and apply equally to the same class of property within the territorial limits of the taxing authority.

Although we hold that the Tax Commission properly directed the petitioners to assess property uniformly throughout Snohomish County in conformity with the fourteenth amendment to the state constitution, the question remains whether the order, fixing the ratio of assessed valuation at 20 per cent or at a level established by an alternative plan, is within the power of the Tax Commission under present law.

■ The seventeenth amendment to the state constitution has established that assessed valuation shall be 50 per centum of the true and fair value of both personal and real property. The pertinent part of the amendment is as follows:

> [T]he aggregate of all tax levies upon real and personal property by the state and all taxing districts now existing or hereafter created, shall not in any year exceed forty mills on the dollar of assessed valuation, *which*

*assessed valuation shall be fifty per centum of the true and fair value 'of such property in money:* . . . . (Italics ours.)

This express mandate of the constitution that assessed valuation shall be at the level of value so established has also been implemented by the legislature in the following statutes; the first of which, RCW 84.40.030, provides:

All property shall be assessed fifty percent of its true and fair value in money. In determining the true and fair value of real or personal property, the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation; . . . .

RCW 84.41.090 states in part:

Each assessor is hereby directed and required to value property in accordance with the standards established by RCW 84.40.030 and in accordance with the applicable rules, regulations and valuation manuals published by the tax commission.

As held, earlier in this opinion, the supervisory and control powers of the Tax Commission must be exercised in conformity with existing law, the commission having no power to act independently of the standards and guidelines established by the legislature. By its order in this case, the Tax Commission disregarded the mandate of the Seventeenth Amendment and the provisions of RCW 84.40.030 and RCW 84.41.090, *supra,* requiring that the assessed valuation of all real and personal property shall be 50 per centum of the true and fair value. The Tax Commission thereby acted beyond its authority and the order entered must be held invalid.

In view of our disposition of this petition, we need not consider the remaining contentions raised by the parties.

For the reasons stated, the petition for the writ to prohibit the enforcement of the order is granted.

HILL, DONWORTH, WEAVER, ROSELLINI, and HALE, JJ., concur.

OTT, J. (concurring in part and dissenting in part)—I concur in that part of the majority opinion which holds

that the Tax Commission has the constitutional power to compel uniformity of taxation within the territorial limits of Snohomish County and that

> There can be no doubt that the Tax Commission is correct in its contention that the tax ratio employed by the assessor is not uniform throughout Snohomish County; since, the county is the authority levying the tax and not the various school districts as individual taxing units. The Tax Commission properly ordered compliance with the constitutional standard required by the Fourteenth Amendment.

I disagree with the holding of the majority that the State Tax Commission's order is void because it did not order the assessments of real property in Snohomish County to be increased to "fifty per centum of the true and fair value" as provided by the seventeenth amendment to the state constitution:

(1) In this appeal the legal issue presented was the single issue "Can the State Tax Commission order uniformity in the admitted 20 percent valuation ratio in a part of Snohomish County and the 25 percent valuation ratio in the remaining part of the county." The majority, in my opinion, properly ordered compliance with the fourteenth amendment to the state constitution.

(2) The issue of who has the power or authority to require the County Assessor of Snohomish County, and all the other county assessors in the state, to assess property at 50 per cent of its true and fair market value was not raised by the petitioners or respondents, either in their printed briefs or in oral argument before this court. The purported issue of the 50 per cent valuation for taxation purposes is therefore not before us in this appeal and should not be summarily decided.

(3) If assessors are to be ordered by this court to assess property for taxation purposes at 50 per cent of its fair market value, such an order should be predicated upon a proper appeal in which that issue is regularly presented for judicial determination. *The questioned clause in our constitution has never been interpreted by this court.*

(4) As I read the majority opinion, the court holds the 50 per cent assessment to be mandatory. Yet since the constitutional provision has existed, no assessor in the state has ever assessed property at 50 per cent of its fair market value. The state legislature throughout the years have construed the provision to be permissive and, in order to equalize the assessments throughout the state, have created the county and state boards of equalization and the State Tax Commission to equalize assessments county-wide and state-wide at a ratio far below 50 per cent of fair market value. This court likewise has in essence construed the section as permissive when it has declared constitutional the creation of these equalization boards and has, in many cases, held legal the county assessors' assessments.

I conclude that the instant case is not the proper case in which this issue of statewide importance should be summarily adjudicated.

If, in a properly presented case, this section should be adjudicated by this court to be mandatory rather than permissive, every assessor's office in the state will be thereby affected in the enforcement of the mandate, and all tax rolls will be suspect as to their validity. Such an opinion should expressly provide that the decision shall be prospective and not retroactive, and the prospective effective date should be declared to be a sufficient time in the future to give the assessors statewide an opportunity to make the assessments and prepare their assessment rolls in conformity with this court's interpretation of the constitutional standard.

In my opinion, that portion of the majority decision which interprets the questioned constitutional clause in the Seventeenth Amendment (which is not properly before this court) should be deleted and that portion which relates to the Fourteenth Amendment should be retained.

HAMILTON, J. (concurring in part and dissenting in part) —I concur with the majority view that (a) the fourteenth amendment to the state constitution requires that tax ratios employed by the Snohomish County Assessor be uniform

throughout the county; (b) the Tax Commission can, under prevailing statutes, direct compliance with the Fourteenth Amendment; and (c) the Tax Commission cannot order or direct a tax ratio less than the ratio authorized by the seventeenth amendment to the state constitution or by RCW 84-.40.030.

I disagree, however, with the final disposition of the majority. Rather than void the entire order, I would prohibit enforcement only of so much of paragraph 1 of the order as purports to direct a tax ratio less than constitutionally and statutorily authorized. This, then, would permit operation of paragraph 2 of the order, as extended by stipulation, to the end that the appropriate officials of Snohomish County could be timely required to present to the Tax Commission a plan, consistent with constitutional limitations, whereby any disparity in the level of assessments would be forthwith eliminated.

The question of whether the tax ratios employed in Snohomish County or elsewhere are valid or invalid is not before us and we should not decide the issue sua sponte and/or by implication.

FINLEY, C. J., concurs with HAMILTON, J.