479 P.2d 771

The **NEW MEXICO PROPERTY APPRAISAL DEPARTMENT**, Petitioner-Appellee,

**v.**

**BOARD OF COUNTY COMMISSIONERS OF LEA COUNTY**, New Mexico, Donald L. Lanford, John W. Teague, Thomas B. Kennann, as members thereof, Alvis Leon Faris, as County Assessor of Lea County, and Ruth W. Griffith, as Treasurer of Lea County, Respondents-Appellants,

E. C. Bennett, McNutt-Worrell Agency, Inc., John Gooch, Clyde Carson, Jr., Johnny May Crowder, Cotton Warehouse, Inc., J. C. Abbott and J. W. Spears, individually and as representatives of the class of taxpayers of which they are a part, Intervenors-Appellants.

No. 9115.

Supreme Court of New Mexico.
Jan. 18, 1971.

Robert W. Ward, F. L. Heidel, Loving-ton, for respondents-appellants.

James A. Maloney, Atty. Gen., James C. Compton, Jr., Asst. Atty. Gen., Sante Fe, for appellee.

OPINION

TACKETT, Justice.

This is a mandamus action brought by the New Mexico Property Appraisal Department, hereinafter referred to as "P.A.D.," against the Board of County Commissioners and the County Assessor of Lea County, to which the County Treasurer was added as a party, seeking to force the County Assessor to apply a uniform assessment ratio on property in the county subject to ad valorem taxes. Trial was to the court without a jury. The alternative writ of mandamus was made permanent. Respondents appeal.

▮ The order allowing certain taxpayers to intervene was later set aside. The court did not err in this respect. Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573 (1926).

We must first look to one of the statutes under which P.A.D., successor to the state tax commission, operates. Section 72–6–12.1, N.M.S.A., 1953 Comp., provides:

"The state tax commission shall constitute and be the state board of equalization, and as such board of equalization shall require that all taxable tangible property be assessed uniformly in proportion to the value thereof. To the end that all taxable tangible property may be assessed and valued in accordance with article VIII, section 1 of the Constitution of the state of New Mexico, and in order to perform the duties imposed upon it by law, the state tax commission may promulgate all necessary rules and regulations, including standards of assessment, which rules and regulations shall be followed by the county assessors and the county boards of equalization in connection with the assessment and valuation of property for tax purposes."

The constitutional provision, Art. VIII, § 1, cited above, states:

"Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class."

See, Idaho Telephone Company v. Baird, 91 Idaho 425, 423 P.2d 337 (1967).

The P.A.D. promulgated General Order No. 18, dated November 9, 1968, which directed that the taxing authorities in each county of the state apply a uniform assessment ratio of 33⅓ per cent on the full actual value of all tangible property subject to ad valorem taxes for the year 1969. Respondents admit failure and refusal to comply with the order, contending that for "within county" purposes, a ratio of 16⅔ per cent could be applied in lieu of the 33⅓ per cent for state purposes. This contention is without merit, as will be hereafter discussed.

▮ In accordance with the provisions of § 72–6–12.1, supra, the county taxing authorities are under the supervision, direction and control of the P.A.D., as to the assessment of all ad valorem taxes, and must follow the standards of assessments promulgated by the P.A.D. State ex rel. Castillo Corp. v. New Mexico State Tax Comm., 79 N.M. 357, 443 P.2d 850 (1968); State ex rel. Barlow v. Kinnear, 70 Wash. 2d 482, 423 P.2d 937 (1967).

The P.A.D. has the legal right and duty to establish, promulgate and enforce a uniform assessment ratio to be used throughout the state by all taxing officials in the assessment and collection of all ad valorem taxes.

▮ The P.A.D. has the duty to establish and promulgate standards of assessment to insure that all property in the state, subject to ad valorem taxes, is assessed equally and uniformly in proportion to its value on a continuing basis. State ex rel. Castillo Corp. v. New Mexico State Tax Comm., supra. See, McKnight Shopping Center, Inc. v. Board of Property As-

sessment, Appeals & Review, etc., 417 Pa. 234, 209 A.2d 389 (1965). As authority to issue orders that must be followed by county officials, see, State Board of Equalization v. Vanderwood, 146 Mont. 276, 405 P.2d 652 (1965).

When the P.A.D. has established the assessment ratio that shall be applied, the local taxing authorities are under a mandatory and ministerial duty to comply. Section 72–6–12, N.M.S.A., 1953 Comp., and § 72–6–12.1, supra.

■ The assessors and boards of equalization have a clear legal duty to apply the assessment ratio of 33⅓ per cent of value to all property subject to their jurisdiction, regardless of the ultimate uses of any particular levies. State Board of Equalization v. Vanderwood, supra.

The county taxing authorities have no statutory authority or right to assess taxable tangible property contrary to the directions, rules, regulations and orders of the P.A.D., as the functions of the local taxing authorities are purely ministerial. People v. Pitcher, 61 Colo. 149, 156 P. 812 (1916).

Appellants place great reliance on the 1923 case of Love v. Dun[n]away, 28 N.M. 557, 215 P. 822, for authority to apply a different tax ratio for "within county" and state assessments, which case holds that:

"* * * [T]he provision does not require that the rate of assessment shall be uniform and equal for all purposes throughout the state, but that the rate must be uniform and equal throughout the locality in which the tax is levied, and if the levy is for a state purpose, then the rate must be uniform and equal in all parts of the state; if for a county purpose, the rate must be equal and uniform throughout the county in which the levy is made, and so in any other taxing district. * * *"

Since the Love decision, our tax statutes relative to assessments on property and the ratio to be applied thereto have materially changed. This court, therefore, disavows that portion of the above quoted statement which might be interpreted to allow different ratios of taxation for state and county purposes.

We adhere to the principles' of law set forth in State ex rel. Castillo Corp. v. New Mexico State Tax Comm., supra, wherein this court required the state tax commission to:

"* * * determine, fix and promulgate a percentage ratio of the appraised value, to which the state levy shall be applied, so as to accomplish equality and uniformity upon subjects of taxation of the same class *for use in all counties of the State* with respect to ad valorem taxes to be levied for the year 1969 and to perform such duty annually thereafter. * * *" (Emphasis added.)

In the Castillo case, supra, this court did cite Love v. Dun[n]away, supra, for the proposition that:

"* * * we are not in any sense concerned with the uniformity or lack thereof within a county * * * but only with the levy, for State purposes, of the ad valorem taxes."

By their analysis, the court did not intend that there could be a different tax rate applied to state and county assessments; rather, that the rate should be uniform for all counties within the state.

The taxing authorities of Lea County shall apply the 33⅓ per cent ratio, as directed by the P.A.D., to all property assessed for ad valorem tax purposes until such time as the P.A.D. deems it necessary to change the ratio to be applied.

In view of the many problems connected with assessment, preparation of tax rolls, schedules, notice to taxpayers, and collection of taxes, the taxing authorities are directed to use the ratio prescribed by the P.A.D. for the assessment period beginning in January 1970, and thereafter unless the ratio is changed.

The judgment is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.