[No. 42232. En Banc. February 10, 1972.]

SNOHOMISH COUNTY BOARD OF EQUALIZATION *et al.*, *Respondents*, v. THE WASHINGTON STATE DEPARTMENT OF REVENUE *et al.*, *Appellants*.

*Slade Gorton, Attorney General, William D. Dexter* and *Timothy R. Malone, Assistants*, for appellants.

*John C. Merkel, Prosecuting Attorney* for Kitsap County, *J. Michael Koch, Deputy, Robert E. Schillberg, Prosecuting Attorney* for Snohomish County, *Elmer E. Johnston, Jr.* and *Allen J. Hendricks, Deputies*, for respondents.

WRIGHT, J.—This action seeks a declaratory judgment adjudging Laws of 1971, Ex. Ses., ch. 288, § 8 (hereinafter

to be denominated section 8) to be unconstitutional as in violation of amendments 14 and 17 of the Constitution of the State of Washington. The question presented is purely one of law.

Section 8 provides in substance for an equalization of values within any county wherein there might otherwise be a lack of uniformity because a 4-year cycle of revaluation was in progress. The Washington State Department of Revenue is required to certify to a county board of equalization two ratios. One ratio is the percentage of true and fair value at which property which has already been revalued is assessed. That is known as "revaluation ratio." The second ratio is known as "tentative county indicated ratio." It is based on all property in the county (both revalued and not yet revalued), the ratio being the percentage of true market value at which the property is assessed. If the "revaluation ratio" exceeds 110 per cent of the "tentative county indicated ratio" there must be an adjustment commonly called a "rollback" so the revaluation ratio will equal the tentative county indicated ratio.

We held in *Carkonen v. Williams*, 76 Wn.2d 617, 458 P.2d 280 (1969), that the cyclical revaluation directed in RCW 84.41.030 was permissible under the constitution. The statute directs a revaluation "at least once each four years." We held in *Dore v. Kinnear*, 79 Wn.2d 755, 489 P.2d 898 (1971), that gross variations from the 4-year cycle are not permissible.

As was pointed out in *Carkonen v. Williams, supra* at 625, there had been a long history of noncompliance with the requirements of amendment 17 for an assessed valuation of 50 per cent of true and fair value, and "an abrupt and retroactive application and enforcement of the appropriate assessment ratio would serve no immediate and useful purpose." It was determined by this court as well as by the legislature that it would be practical to come into compliance within 4 years.

The disparity between the general level of assessment in the past and the constitutionally required level

which must now be reached is such it becomes obvious there would be serious inequalities during the 4-year cycle. Section 8 was enacted to remedy such inequalities and, thus, comply with amendment 14.

The 4-year cycle permitted temporary deviation from the mandatory 50 per cent valuation. Section 8 does no more than provide for an equitable transition to the required constitutional standard without discrimination and inequality within each county. We held in *Carkonen v. Williams, supra,* that the county is "the authority levying the tax" and, hence, uniformity within each county will comply with the constitutional standard.

■ We reaffirm our holdings in *State ex rel. Barlow v. Kinnear,* 70 Wn.2d 482, 423 P.2d 937 (1967) and in *Carkonen v. Williams, supra,* that the assessment at 50 per cent of true and fair value in money is mandatory. After the expiration of the 4-year cycle, no further deviation will be tolerated.

It must follow that after the expiration of the 4-year cycle, all assessments *must* be at 50 per cent of the true and fair value of the property. It would seem scarcely necessary to remind *all* public officials in all branches and levels of government that they have taken an oath to support the Constitution of the State of Washington, of which amendment 17 is a part.

■ One other question remains. That is as to the standing of respondents (plaintiffs) to maintain this action. The trial court ruled respondents had standing to challenge the constitutionality of section 8. Respondents have a valid interest in securing a declaratory judgment. Without a decision of this court, they were placed in a position of making a determination of a difficult question of constitutional law with the possibility of facing both civil[1] and criminal[2] penalties if they made the wrong choice. One of the purposes

---

[1] RCW 84.08.020 (1); 84.08.120; 84.09.040
[2] RCW 42.20.080; 42.20.100

of declaratory judgment laws is to give relief from such situations.

We, therefore, affirm the determination of the trial court that respondents had standing to challenge the constitutionality of section 8. We reverse the trial court and hold section 8 is constitutional.

HAMILTON, C.J., HUNTER, HALE, NEILL, STAFFORD, and UTTER, JJ., concur.

FINLEY and ROSELLINI, JJ., concur in the result.

NEILL, J. (concurring)—I concur with the result reached by the majority. The challenged statute (Laws of 1971, Ex. Ses., ch. 288, § 8, RCW 84.48.085) is in harmony with *Carkonen v. Williams,* 76 Wn.2d 617, 458 P.2d 280 (1969), and is not inconsistent with my dissent in *Dore v. Kinnear,* 79 Wn.2d 755, 489 P.2d 898 (1971). *Carkonen* validated the 4-year cyclical revaluation of property as a reasonable means of achieving the constitutional mandate of a 50 per cent assessment ratio. In *Dore,* I disagreed with the majority of this court because I viewed the decision as a backward step, an obstruction to efforts at achieving intracounty tax equality among property owners. Given the practical necessity of cyclical, rather than instantaneous revaluation (*see Carkonen v. Williams, supra*), an inescapable conflict emerges between the obvious need to revalue some properties before others and the immediate complaints of inequality from taxpayers whose parcels are most recently revalued. In this connection, as detailed in *Dore,* my position is that the cyclical revaluation process should not be negated in a given case, absent a clear showing that the program is not systematic or that its application has been intentionally discriminatory. Discrimination in this constitutional sense is not shown by the mere fact that some parcels have been revalued before others. *Carkonen v. Williams, supra.*

The provisions of RCW 84.48.085, whereby revaluations are progressively incorporated into the county's indicated ratio, constitute a legislative formula to meet the dilemma

posed by the above-noted clash of interests by softening the immediate impact of cyclical revaluation. To be consistent with our constitution and the criteria of *Carkonen,* the subject statute cannot be construed or employed to delay achievement of the constitutionally required ratio beyond the maximum term, the 4-year cycle. That is, the "rollback" formula's operation must parallel the given 4-year (or less) revaluation cycle that is actually being pursued. As each cycle concludes, any differentials occasioned by this statutory "rollback" must be eradicated so that the constitutionally required ratio is achieved.

As thus construed, RCW 84.48.085 is a prudent, workable and valid legislative answer to the problem of achieving such interim equities as are possible without unduly obstructing progress toward the more complete tax equality that is attained by prompt fulfillment of the constitutional mandate.

STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied April 24, 1972.