[No. 42123.   En Banc.   March 23, 1972.]

THE STATE OF WASHINGTON, *on the Relation of Allen B. Morgan, Petitioner*, v. GEORGE KINNEAR, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney, Norman K. Maleng, Chief Civil Deputy,* and *Michael L. Cohen, Assistant,* for petitioner.

*Slade Gorton, Attorney General,* and *Jerome L. Buzzard, Special Assistant,* for respondent.

HALE, J.—The law strives for certainty but has developed few, if any, absolutes. Even in the field of valuing and taxing real estate, it has failed to achieve more than a moderate degree of exactitude. Since statehood and earlier, in the hope of attaining a fair measure of certainty, uni-

formity and equity, land has been valued for tax purposes in this state at its fair cash market value, an idea made a part of the constitution by the Seventeenth Amendment. The goal has always been: real-estate taxes fairly assessed and uniformly applied.

Last year, the legislature sought to reduce the valuation of real property by allowing assessors to deduct from the valuation the reasonable cost of sale. Laws of 1971, ch. 288, § 1, p. 1520. The assessor for King County now challenges the constitutionality of this enactment, and the Department of Revenue, in accordance with its duties under the law, seeks to meet this challenge.

Property in this state is appraised for tax purposes by the county assessors (RCW 84.41; RCW 36.21) in accordance with many regulatory provisions established or authorized by statute and carried out by the Department of Revenue. RCW 84.08. In 1971, as noted, the legislature adopted the statute now challenged to authorize a reduction in tax appraisals by the reasonable costs of sale. Laws of 1971, ch. 288, § 1, p. 1520 (RCW 84.40.030), states, in part:

> All property shall be assessed fifty percent of its true and fair value in money.
>
> . . .
>
> The true and fair value of real property for taxation purposes (including property upon which there is a coal or other mine, or stone or other quarry) shall be based upon the following criteria:
>
> (1) (a) Any sales of the property being appraised or similar property with respect to sales made within the past five years, *less a percentage equal to the average, ordinary and usual direct costs of sale of that type of property, including but not limited to costs of title insurance, legal services, recording fees and taxes levied against such sales that are borne by the seller, and an amount equal to the customary fees payable to a licensed real estate broker for handling such a sale, such percentage to be determined by studies conducted by the department of revenue.* The appraisal shall take into consideration political restrictions such as zoning as well as

physical and environmental influences. Sales involving deed releases or similar seller-developer financing arrangements shall not be used as sales of similar property.

(Italics ours.)

The director of revenue, in accordance with other provisions of the same statute (RCW 84.40.030), thereupon initiated a study to determine the reasonable costs of sale, and we are advised that the studies thus far indicate that such costs will be about 10 per cent of the appraised value.

The case is here on the King County assessor's application for a writ of prohibition to preclude the director of revenue from officially establishing the reasonable costs of sale as a factor in computing the assessed valuation. An agreed statement of facts raises two issues: (1) Does the statute (RCW 84.40.030) violate the state constitution (Const. art. 7, § 2 (amendment 17)), that property must be assessed at 50 per cent of its true and fair value? and, (2) Does the statute contravene the equal protection clauses of the state and federal constitutions? In view of our disposition of the first issue, it will be unnecessary to resolve the second.

The constitution is a limit upon rather than a grant of the legislature's powers to enact laws. *Hoppe v. State*, 78 Wn.2d 164, 469 P.2d 909 (1970); *Union High School Dist. 1 v. Taxpayers of Union High School Dist. 1*, 26 Wn.2d 1, 172 P.2d 591 (1946). A statute is presumed to be constitutional (*Markham Advertising Co. v. State*, 73 Wn.2d 405, 439 P.2d 248 (1968)), and will not be declared unconstitutional unless it clearly appears to be so. *Lenci v. Seattle*, 63 Wn.2d 664, 388 P.2d 926 (1964). And, where a statute is susceptible of several interpretations, some of which may render it unconstitutional, the court, without doing violence to the legislative purpose, will adopt a construction which will sustain its constitutionality if at all possible to do so. *State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971); *George v. Day*, 69 Wn.2d 836, 420 P.2d 677 (1966); and *Tembruell v. Seattle*, 64 Wn.2d 503, 392 P.2d 453 (1964).

In challenging the statute under review, relator invokes Const. art. 7, § 2 (amendment 17), reading, in part:

Except as hereinafter provided and notwithstanding any other provision of this Constitution, the aggregate of all tax levies upon real and personal property by the state and all taxing districts now existing or hereafter created, shall not in any year exceed forty mills on the dollar of assessed valuation, *which assessed valuation shall be fifty per centum of the true and fair value of such property in money* . . .

(Italics ours.)

In the face of this direct provision, is it within the power of the legislature to authorize a reduction in that valuation by allowing a deduction of the reasonable sale costs from the true and fair value in money? Stated otherwise, where the constitution says that real and personal property for tax purposes shall be assessed upon a valuation of the "true and fair value . . . in money," can the legislature constitutionally authorize a reduction in that valuation equal to the reasonable costs of sale? More particularly, can the legislature lawfully ordain a reduction in assessed valuation of approximately 10 per cent by authorizing a deduction of the reasonable costs of sale? We doubt it.

The term "true and fair value" in money was not employed for the first time with respect to assessment for tax purposes in the Seventeenth Amendment. Article 7, section 2, of the state constitution adopted in 1889, provided that "The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money." And the first implementing legislation (Laws of 1890, ch. 18, § 48, p. 547), prescribed assessment at "true and fair value in money." Shortly thereafter, the expression "true and fair value" was employed in Laws of 1891, ch. 140, § 44, p. 296; Laws of 1893, ch. 124, § 44, p. 341; and Laws of 1897, ch. 71, § 42, p. 155. In 1913, the legislature said that "All property shall be assessed *at not to exceed fifty per cent.* of its true and fair value in money." (Italics ours.) Laws of 1913, ch. 140, § 1, p. 438. The limitation was thereafter changed so that the

maximum became a minimum with a mandate that "All property *shall be assessed fifty per cent.* of its true and fair value in money." (Italics ours.) Laws of 1919, ch. 142, § 4, p. 393. *Idem*: Laws of 1925, Ex. Ses., ch. 130, § 52, p. 259; Laws of 1939, ch. 206, § 15, p. 738. And this exact provision has been brought forward into the tax laws today (RCW 84.40.030) as enacted in Laws of 1961, ch. 15, § 84.40.030, p. 1154, and as amended by Laws of 1971, Ex. Ses., ch. 288, § 1, p. 1520.

Thus the expression "true and fair value of such property in money," employed as it was in the Seventeenth Amendment to the state constitution and adopted in 1944 (Const. art. 7, § 2) had long been a part of the tax lexicon of this state and was a continuum of the existing idea that taxes should not only be uniform but should be assessed at 50 per cent of true and fair value. This state came into the Union in 1889 with a new constitution, stressing the idea of uniformity of taxation[1] in article 7, section 2; in 1944, it made the 50 per cent assessment mandatory. Assessments of real and personal property at 50 per cent of the true and fair value in money under the Seventeenth or 40 Mill Limit Amendment, as it has become known, are, therefore, mandatory. *State ex rel. Barlow v. Kinnear,* 70 Wn.2d 482, 423 P.2d 937 (1967); *Carkonen v. Williams,* 76 Wn.2d 617, 458 P.2d 280 (1969); *Snohomish County Bd. of Equalization v. State Dep't of Revenue,* 80 Wn.2d 262, 493 P.2d 1012 (1972).

True and fair value in money means fair market value. *Bellingham Community Hotel Co. v. Whatcom County,* 190 Wash. 609, 70 P.2d 301 (1937); *Pier 67, Inc. v. King County,* 78 Wn.2d 48, 469 P.2d 902 (1970). Or, as this court said in *Hillman's Snohomish County Land & R.R. v. Snohomish County,* 87 Wash. 58, 151 P. 96 (1915), and reiterated in *Ozette Ry. v. Grays Harbor County,* 16 Wn.2d

[1]The original text of Const. art. 7, § 2, stated, in part: "The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money . . ."

459, 133 P.2d 983 (1943), true and fair value "In its simplest terms . . . means that property shall be assessed at its fair market value at the time the assessment is made." Market value means the amount of money which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obligated to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. *Carkonen v. Williams, supra; Mason County Overtaxed, Inc. v. Mason County*, 62 Wn.2d 677, 384 P.2d 352 (1963); *Ozette Ry. v. Grays Harbor County, supra; Ham, Yearsley & Ryrie v. Northern Pac. Ry.*, 107 Wash. 378, 181 P. 898 (1919).

■ Neither the constitution nor the opinions of this court leave any latitude in the legislature to alter, reduce or amend the constitutional concept of true and fair value in money or permit the interposition of an extraneous formula to be employed by the assessing authority in determining true and fair or fair market value. Reducing this value by what an administrative agency of government might determine to be the reasonable costs of sale—regardless of how skillfully, uniformly and conscientiously such a formula might be arrived at—represents a dramatic departure from the constitutional mandate that property must be assessed at 50 per centum of its true and fair value, *i.e.*, fair market value in money. Since Laws of 1971, ch. 288, § 1, p. 1520 (RCW 84.40.030), will operate to reduce the fair market value or true and fair value in money as computed for assessment purposes, it amounts to a substantial departure from and is repugnant to the Seventeenth Amendment to the state constitution. It is, therefore, unconstitutional and void.

The petitioner's application for a writ of prohibition is hereby granted.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, and WRIGHT, JJ., concur.