[No. 43957. En Banc. November 4, 1976.]

THE STATE OF WASHINGTON, *on the Relation of Public Disclosure Commission, Appellant,* v. GEORGE C. RAINS, ET AL, *Respondents.*

*Slade Gorton, Attorney General, Robert F. Hauth, Senior Assistant,* and *Carol A. Smith, Assistant,* for appellant.

*Niichel & Rutz, P.S.,* by *Richard J. Niichel, John R. Rutz,* and *David V. Johnson,* for respondents.

HUNTER, J.—The facts of this case are simple and undisputed. In 1973 and 1974, defendant (respondent) George C. Rains paid for several newspaper advertisements that opposed various ballot propositions including a joint house resolution and several school levies. In each instance the total expenditures exceeded $100 during the election campaign in question. Despite continued admonitions from the Public Disclosure Commission, Rains refused to comply with the reporting requirements imposed by RCW 42.17.100(1)[1] and WAC 390-04-180.

On August 18, 1974, the Public Disclosure Commission filed a complaint against Rains and his wife seeking both civil penalties and injunctive relief. Both sides moved for summary judgment and on June 19, 1975, the trial court granted summary judgment in favor of Rains and dismissed the action. The court found that RCW 42.17.100(1) was unconstitutionally vague and that the Commission's regulation describing a reporting time limit constituted an unlawful exercise of legislative power and thus was void. In addition, the court refused to award attorney's fees to the Rainses. The Public Disclosure Commission appeals from this judgment and the Rainses (respondents) cross-appeal the denial of attorney's fees.

The version of RCW 42.17.100, applicable when the Commission filed its complaint against the respondents in the present case, requires the filing of certain special reports in addition to those detailed elsewhere in RCW 42.17. Specifically, RCW 42.17.100 provides:

---

[1]The legislature recently amended RCW 42.17.100 to provide very precise reporting requirements and filing periods. *See* Laws of 1975, 2d Ex. Sess., ch. 112, § 4, p. 384. For convenience we will refer throughout this opinion to the original unamended version at issue in this case as RCW 42.17.100(1).

In addition to the other reports required by this chapter

(1) Any person who makes an expenditure in support of or in opposition to any candidate or proposition (except to the extent that a contribution is made directly to a candidate or political committee), in the aggregate amount of one hundred dollars or more during an election campaign, shall file with the commission a report signed by the contributor disclosing (a) the contributor's name and address, and (b) the date, nature, amount and recipient of such contribution or expenditure . . .

The requirements of the statute were implemented by regulation in WAC 390-04-170, which basically restates the above quoted statutory language.[2] Another regulation, WAC 390-04-180, supplied specific time limits for filing the required reports and, generally, required that they be filed within a week of the date on which aggregated expenditures of more than $100 but less than $500 are reached and within 2 business days following the date on which aggregate expenditures of $500 or more are reached.[3]

The appellant Commission contends that RCW

---

[2]This regulation is now contained in WAC 390-16-061 (1975). The text of WAC 390-04-170 (1973) is as follows:

"Any person who, during any election campaign, makes an expenditure aggregating $100 or more in support of or in opposition to any candidate or proposition, other than a contribution made directly to a candidate or political committee, shall file with the commission a report signed by the person making such expenditure disclosing his name and address together with the date, nature and payee or other recipient of such expenditure and the purpose for which it was made."

[3]This regulation is now contained in WAC 390-16-062 (1975). The text of WAC 390-04-180 (1973) is as follows:

"The report required by section 10, chapter 1, Laws of 1973 (Initiative 276) and WAC 390-04-170 herein, shall be filed with the commission as follows:

"(a) In the case of expenditures aggregating $100 or more, but less than $500, within one week of the date at which such aggregate expenditure amount is reached; except that during the week immediately preceding the week in which the election is held such reports shall be filed within two business days following the day on which such aggregate expenditure amount is reached;

"(b) In the case of expenditures aggregating $500 or more within two business days following the day on which such aggregated expenditure amount is reached."

42.17.100 (1) is not constitutionally defective even though it fails to specify a time limit for filing the reports described therein. It argues that the statutory standard is a "reasonable time" and that this standard is reasonably implied by the statute. It further argues that in any event a reasonable time was intended by the statute and the Commission properly fixed a reasonable reporting time in its regulations. For the reasons discussed below, we do not agree and we hold that the version of RCW 42.17.100 (1) applicable to this case is unconstitutionally vague.

 It almost goes without saying that the disclosure requirements of RCW 42.17.100 (1) involve and affect activities within the ambit of First Amendment freedoms. In the present case Rains expressed his political viewpoint by placing advertisements in a regularly published newspaper. Without question this is the type of expression the free exercise of which is protected by First Amendment guaranties. *See Fritz v. Gorton*, 83 Wn.2d 275, 305-10, 517 P.2d 911 (1974) (lobbying); *State v. Conifer Enterprises, Inc.*, 82 Wn.2d 94, 100, 508 P.2d 149 (1973) (solicitation of signatures). Our statement in *Bare v. Gorton*, 84 Wn.2d 380, 385-86, 526 P.2d 379 (1974) (campaign spending), confirms that the First Amendment encompasses the activity in the instant case:

> [F]reedom of speech and press involve more than the bare right to speak and publish. To say otherwise is to ignore reality. To communicate effectively with the mass of voters, one cannot be limited to verbal communication, person-to-person, but must use the media in one form or another. The protected rights include dissemination, distribution and the correlative rights of the public to receive such expressions of opinion. *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 23 L. Ed. 2d 371, 89 S. Ct. 1794 (1969).

Furthermore, the United States Supreme Court recently indicated the correctness of this conclusion when, in its review of a similar disclosure provision contained in section 434 (e) of the Federal Election Campaign Act Amendments of 1974, it applied the strict scrutiny that is required where

**630**

First Amendment rights are involved. *See Buckley v. Valeo,* 424 U.S. 1, 75, 77, 46 L. Ed. 2d 659, 719, 721, 96 S. Ct. 612 (1976).

■ This conclusion is significant in the present case, not to determine whether the requirements of RCW 42.17.100(1) are per se contrary to First Amendment guaranties,[4] but because a stricter vagueness standard is applicable in First Amendment areas. *See State v. Galbreath,* 69 Wn.2d 664, 667, 419 P.2d 800 (1966). As stated in *Bare v. Gorton, supra* at 385:

> [First Amendment rights], it must be remembered, are "delicate and vulnerable, as well as supremely precious in our society." *NAACP v. Button,* 371 U.S. 415, 433, 9 L. Ed. 2d 405, 83 S. Ct. 328 (1963). First Amendment rights are not to be abridged or even chilled by statutory vagueness. *Baggett v. Bullitt,* 377 U.S. 360, 12 L. Ed. 2d 377, 84 S. Ct. 1316 (1964). Any legislative impingement on these rights must be drawn with precision and narrow specificity. *Keyishian v. Board of Regents,* 385 U.S. 589, 17 L. Ed. 2d 629, 87 S. Ct. 675 (1967).

The United States Supreme Court reiterated this principle in *Buckley v. Valeo, supra,* when, after mentioning the criminal, "ordinary intelligence" standard for vagueness, it stated that "[w]here First Amendment rights are involved, an even 'greater degree of specificity' is required." *Buckley v. Valeo, supra* at 77, quoting *Smith v. Goguen,* 415 U.S. 566, 573, 39 L. Ed. 2d 605, 94 S. Ct. 1242 (1974).

■ The statute under consideration in the present case, RCW 42.17.100(1), is fatally defective because it fails completely to specify a time period or limit within which reports are required to be filed. The statute identifies who must file and what information is required, but it is entirely silent as to *when* the report must be filed. As a result,

---

[4]This issue is not before us in the present case. We note in passing, however, that we have upheld the constitutionality on First Amendment grounds of several other sections of RCW 42.17. *See Young Americans for Freedom, Inc. v. Gorton,* 83 Wn.2d 728, 732-34, 522 P.2d 189 (1974) (RCW 42.17.200); *Fritz v. Gorton,* 83 Wn.2d 275, 311, 517 P.2d 911 (1974) (RCW 42.17.150, .170 and .180); *but see Bare v. Gorton,* 84 Wn.2d 380, 387, 526 P.2d 379 (1974) (RCW 42.17.140).

RCW 42.17.100(1) does not provide sufficient guidance since one must necessarily guess what the reporting time limit might be or what might be a "reasonable" time limit under the statute. In the absence of a specified time limit for reporting, the statute does not meet the requisite standard of specificity and, therefore, we hold that it is void for vagueness.

■ The Commission argues, however, that any deficiency in RCW 42.17.100(1) was corrected by the promulgation of WAC 390-04-180 which sets out a specific time period for compliance with the statute. We disagree because, as discussed below, the Commission was without the general power to modify or establish time periods for reporting under the statute. Consequently, the Commission's regulation, in effect, attempted to amend the legislation. It is well settled that agency rules and regulations cannot amend or change legislative enactments. *See, e.g., Hama Hama Co. v. Shorelines Hearings Bd.*, 85 Wn.2d 441, 459 n.4, 536 P.2d 157 (1975) (Horowitz, J., dissenting); *Baker v. Morris*, 84 Wn.2d 804, 809-10, 529 P.2d 1091 (1974); *Allen v. Employment Security Dept.*, 83 Wn.2d 145, 151, 516 P.2d 1032 (1973); *Juanita Bay Valley Community Ass'n v. Kirkland*, 9 Wn. App. 59, 79, 510 P.2d 1140 (1973).

■ We recognize that the Commission has broad powers to promulgate regulations to implement and carry out the purposes of RCW 42.17. Under RCW 42.17.370

[t]he commission is empowered to:
(1) Adopt, promulgate, amend and rescind suitable administrative rules and regulations to carry out the policies and purposes of this chapter;

In addition, RCW 42.17.010 provides that

[t]he provisions of this chapter shall be liberally construed to promote complete disclosure of all information respecting the financing of political campaigns and lobbying . . .

*See* RCW 42.17.920. Nevertheless, the general rule making powers of the Commission do not extend to setting time limits for reporting under RCW 42.17.100(1).

There are many reporting requirements contained in RCW 42.17. But we have been directed to no section of the statute, with the exception of RCW 42.17.100(1), where the statutory language does not also contain a specified and precise time period within which reports must be filed. *See* RCW 42.17.040, .050, .080, .110, .150, .170, .180, .190, .200, .210, and .240. Moreover, the penalty provisions in RCW 42.17.390 indicate that there are no reporting time limits other than those to which the statute specifically refers. RCW 42.17.390(d) provides for a daily civil penalty that is applicable to

[a]ny person who fails to file a properly completed statement or report within the time required *by this chapter* . . .

(Italics ours.) Furthermore, the Commission's duties are likewise defined with respect to the requirements set out within the statute itself. Specifically, the Commission is directed by RCW 42.17.360(4) to

[i]nvestigate whether properly completed statements and reports have been filed within the times required *by this chapter;*

(Italics ours.) These sections indicate that any applicable time periods with regard to filing and reporting requirements will be found in the statute itself rather than solely in the regulations promulgated by the Commission to implement the statute.

The Commission does have certain powers under the statute, such as requiring information in addition to that described in the statute. *See* RCW 42.17.040(2)(i); RCW 42.17.110(d); RCW 42.17.150(1). In addition, one section, RCW 42.17.080(1), specifically gives the Commission the authority to designate additional times for reporting beyond the ones precisely described in that section. But nowhere in the statute is the Commission given any general authority to establish or modify the reporting time limits and periods specified in the various sections of the statute; nor is the Commission given any special authority with regard to RCW 42.17.100(1). On the contrary, the only

authority given the Commission to suspend or modify the general requirements contained in the statute is in *particular cases* if, after a hearing, the Commission finds that the statute creates a "manifestly unreasonable hardship" and also finds that the suspension or modification will not frustrate the purposes of the statute. RCW 42.17.370 (9).

From the foregoing we conclude that the Commission did not have, and was not intended to have, any general power or specific authority to establish time limits for the reporting requirements of RCW 42.17.100 (1). *Cf. Barry & Barry, Inc. v. Department of Motor Vehicles,* 81 Wn.2d 155, 157, 500 P.2d 540 (1972). Its attempt to set time limits via regulation for the reporting requirements in RCW 42.17.100 (1) therefore constituted an amendment to the legislation. Even this court in the course of judicial construction cannot amend a statute and supply omissions resulting from legislative oversight. *See Knowles v. Holly,* 82 Wn.2d 694, 703, 513 P.2d 18 (1973); *State v. Roth,* 78 Wn.2d 711, 714, 479 P.2d 55 (1971). The regulation is thus invalid and as a consequence, the impermissible vagueness of RCW 42.17.100 (1) remains.

The final issue in this appeal concerns the trial court's refusal to award attorney's fees to the Rainses based on RCW 42.17.400 (5), which provides as follows:

> If the defendant prevails, he *shall* be awarded all costs of trial, and *may* be awarded a reasonable attorney's fee to be fixed by the court to be paid by the state of Washington.

(Italics ours.) Rains argues that the statutory language requires the mandatory award of attorney's fees.

 Whether the word "may" is meant to be merely directory as opposed to mandatory is a matter of statutory interpretation.[5]

Always . . . the prime consideration is the intent of

---

[5] The basic rules of statutory construction applicable to enactments of the legislature also apply to direct legislation by the people. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973); *State v. Rochelle,* 11 Wn. App. 887, 890-91, 527 P.2d 87 (1974).

the legislature as reflected in its general, as well as its specific, legislation upon the particular subject.

*Spokane County ex rel. Sullivan v. Glover*, 2 Wn.2d 162, 170, 97 P.2d 628 (1940). We think the intent of this legislation is demonstrated by no more than the language of the sentence itself, which uses both the word "shall" in reference to costs of trial and the word "may" in reference to attorney's fees. Where, as here, different words are used in the same statute, it is presumed that a different meaning was intended to attach to each word. *See State v. Roth, supra* at 715; *cf. State ex. rel. Schillberg v. Barnett*, 79 Wn.2d 578, 584, 488 P.2d 255 (1971).

■ Undoubtedly, the legislation meant to make the award of trial costs mandatory while allowing the award of attorney's fees in the discretion of the trial court. Where the award of attorney's fees was meant to be mandatory, the legislation is very clear. For example, RCW 42.17.340(3) provides that a person prevailing against an agency in a dispute over the right to inspect or copy public records "shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action." We conclude that the award of attorney's fees under RCW 42.17.400(5) was intended to be in the discretion of the trial court rather than mandatory.

Rains argues in the alternative that in this case the trial court abused its discretion with respect to attorney's fees. We have reviewed his arguments, however, and find them unpersuasive. The refusal to award attorney's fees in this case was not manifestly unreasonable and therefore the trial court's disposition of this issue will not be disturbed on appeal. *See State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The judgment of the trial court is affirmed.

STAFFORD, C.J., and ROSELLINI, HAMILTON, WRIGHT, and BRACHTENBACH, JJ., concur.

DOLLIVER, J. (dissenting)—This court has frequently asserted that every presumption favors the validity of an act

and that all doubts must be resolved in support of the act. *Lenci v. Seattle*, 63 Wn.2d 664, 388 P.2d 926 (1964). We have also held that, if one construction presents constitutional difficulties and another does not, the court will, if at all possible, reject the former in favor of the latter. *State ex. rel. Morgan v. Kinnear*, 80 Wn.2d 400, 494 P.2d 1362 (1972); *State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971).

A charge of vagueness raises the question of whether a statute provides fair notice, measured by common practice and understanding, of that conduct which is prohibited. *Blondheim v. State*, 84 Wn.2d 874, 529 P.2d 1096 (1975). A reasonable person could clearly determine from a reading of RCW 42.17.100(1) that a contributor is required to report a campaign expenditure in excess of $100. The language is clear and precise. The respondents made no attempt to comply with that statute at any time. Rather than acting in a reasonable manner and inquiring of the Commission or checking the regulations to determine the specific time at which to file, they chose to ignore the law entirely. The record shows that even after the statute, the regulations and the requirements for filing were brought to the attention of respondents, they still refused to report. Now, they attempt to exploit the omission of a time limitation in the statute, claiming that they could not determine what conduct was prohibited. This is hardly a convincing argument.

The legislature granted the Commission broad powers to implement RCW 42.17. Under RCW 42.17.370,

> The commission is empowered to:
>
> (1) Adopt, promulgate, amend and rescind suitable administrative rules and regulations to carry out the policies and purposes of this chapter,

In interpreting this section of the public disclosure act, I am mindful of RCW 42.17.010, which provides:

> The provisions of this chapter shall be liberally construed to promote complete disclosure of all information respecting the financing of political campaigns and lobbying . . .

If the argument of the majority were to prevail, there would be little reason for a citizen to be concerned with any of the rules and regulations of the Commission. Yet, surely, any reasonable person would be put on notice that, in order to comply with the act generally, the rules and regulations authorized in RCW 42.17.370 should be read.

I find that the statute in question is not fatally defective as a result of the omission of a reporting time. Pursuant to RCW 42.17.370 and through a valid exercise of its power, the Commission adopted WAC 390-04-180 which specified the time for filing. The policy and purpose of the act is to require that certain campaign expenditures be reported. The duty to report is clear and unequivocal. The Commission is empowered to adopt rules and regulations in order to carry out the policy and purpose of the act. WAC 390-04-180 does not amend the statute nor does it change the legislative enactment. It does carry out the policy and purpose of the act. No reasonable person would be misled by the act; the respondents were not. No reasonable person would allege the language of WAC 390-04-180 was either obscure or unreasonable; the respondents did not. The validity of RCW 42.17.100 should be upheld.

UTTER and HOROWITZ, JJ., concur with DOLLIVER, J.