[No. 39532-7-I.   Division One.   December 18, 1997.]

*In the Matter of the Detention of R.P.*

R.P., *Respondent*, v. THE STATE OF WASHINGTON, *Appellant.*

*Norm Maleng, Prosecuting Attorney*, and *Gerald A. Smith, Deputy*, for appellant.

°*Bradley P. Hampton* of *The Defender Association*, for respondent.

AGID, J. — Mental Health Commissioner Harry R. Slusher dismissed the State's petition to commit R.P. for 180 days because the State did not provide supporting affidavits. The State argues that the trial court misinterpreted the statute and no affidavits are required for 180-day petitions. We disagree and affirm.

## FACTS

R.P. was released from involuntary commitment to less

restrictive treatment in June 1996. In August, a county designated mental health professional filed a petition for revocation of the less restrictive alternative alleging that R.P. had substantially deteriorated and needed more intensive treatment. Soon thereafter, Dr. R. Eisenhauer filed an amended petition for 180 days of involuntary treatment. The court revoked R.P.'s less restrictive treatment order and scheduled a hearing on Eisenhauer's motion.

At the hearing, R.P. moved to dismiss the petition because the State failed to support it with affidavits from examining physicians explaining why further commitment was necessary. The State argued that RCW 71.05 did not require supporting affidavits for 180-day petitions. Relying on *In re Detention of J.R.*,[1] which held that the same affidavits were required for either a 90- or 180-day petition, the trial court disagreed with the State and granted R.P.'s motion.

## DISCUSSION

The only question on appeal is whether the trial court erred when it imposed the affidavit requirements found in RCW 71.05.290, governing 90-day petitions, on a 180-day petition brought under RCW 71.05.320. A trial court's statutory interpretation is a question of law reviewed de novo on appeal.[2]

Washington's mental health statutes permit the State to involuntarily confine a mentally ill person for 72 hours, followed by 14 days of inpatient or 90 days of outpatient treatment.[3] During that 14- or 90-day period, if the State believes that the patient needs additional treatment,[4] it may petition the superior court for an additional 90-day

---

[1] 80 Wn. App. 947, 912 P.2d 1062, *review denied*, 130 Wn.2d 1003 (1996). In that case, we considered whether the supporting affidavits had to come from examining physicians. In holding that they do, we also held that all procedural protections for a 90-day petition also apply to 180-day petitions.

[2] *Oostra v. Holstine*, 86 Wn. App. 536, 539-40, 937 P.2d 195 (1997).

[3] RCW 71.05.150; RCW 71.05.230.

[4] Grounds for additional treatment are listed in RCW 71.05.280.

commitment.[5] That petition must be supported by affidavits, either from two examining physicians or an examining physician and an examining mental health professional, which summarize the facts supporting the need for additional treatment.[6] The court must hold a hearing before deciding the petition.[7] During the additional 90-day commitment, the State may petition for a further 180 days of commitment if it can show that the person has threatened or harmed another person or their property, presents a danger to public safety or continues to be gravely disabled.[8] The statute is silent on the affidavit requirement for a 180-day petition.[9]

The State argues that because the Legislature specifically included the affidavit requirement for 90-day petitions but did not do so for 180-day petitions, the courts cannot imply the requirement.[10] But, while the statute does not set out the procedural requirements for a 180-day petition, it does state that the hearing is the same as that for a 90-day petition.[11] The Legislature assured patients' due process rights for each duration of commitment. As the length of detention increases, the statute provides additional procedural rights. This is what we would expect because the deprivation of liberty increases each time. Therefore, it is unlikely that the Legislature intended to exclude the notice provision for patients who face the longest period of commitment. We construe statutes to effect their purpose and avoid unlikely or strained interpretations.[12] The more likely interpretation is that adopted by the court in *J.R.*: The Legislature intended all of the

---

[5]RCW 71.05.290.

[6]RCW 71.05.290(2).

[7]RCW 71.05.310.

[8]RCW 71.05.320(2)(a-d).

[9]RCW 71.05.320(2).

[10]Citing *State v. Sommerville*, 111 Wn.2d 524, 353, 760 P.2d 932 (1988).

[11]RCW 71.05.320(2).

[12]*Ski Acres, Inc. v. Kittitas County*, 118 Wn.2d 852, 857, 827 P.2d 1000 (1992).

procedural requirements for the 90-day petition to apply in a 180-day petition.[13] There is no support in law or logic for lessening the rights of a patient who faces a longer commitment.

This interpretation is also consistent with the legislative intent which includes, among other things, providing appropriate and continuous care for persons with serious mental illness while protecting individual rights.[14] The State admits that it routinely provides the affidavits with 180-day petitions. Therefore, our decision requiring the two supporting affidavits will not interfere with continuity of care or impose an undue burden on the State. But it will protect individual rights by providing the patient notice of the facts on which the State is going to rely.

Finally, " 'where a statute is susceptible of several interpretations, some of which may render it unconstitutional, the court, without doing violence to the legislative purpose, will adopt a construction which will sustain its constitutionality if at all possible to do so.' "[15] Due process requires that the State provide the respondent with sufficient notice of the facts supporting the petition for commitment.[16] Sufficient notice requires that the petition include a statement by a doctor who is familiar with the patient's illness and prognosis, and who is able to adequately evaluate the patient's mental status and make a recommendation.[17] The patient cannot respond to unknown facts, and the court cannot make its decision in a vacuum. Neither comports with due process. Every petition for a 180-day commitment must therefore be accompanied by affidavits stating facts supporting a need for additional commitment. Otherwise, the statute would not provide ade-

---

[13] 80 Wn. App. at 955.

[14] RCW 71.05.010.

[15] *In re Matter of Cross*, 99 Wn.2d 373, 382-83, 662 P.2d 828 (1983) (quoting *State ex rel. Morgan v. Kinnear*, 80 Wn.2d 400, 402, 494 P.2d 1362 (1972)).

[16] *Cross*, 99 Wn.2d at 382.

[17] *J.R.*, 80 Wn. App. at 957.

quate notice and would violate basic due process principles.[18]

For these reasons, we affirm the trial court's ruling that 180-day petitions must be supported by two affidavits from examining physicians or an examining physician and an examining mental health professional.

Affirmed.

WEBSTER and BECKER, JJ., concur.